UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL M. CRAM, et al.,<br><br>                Plaintiffs,<br>v.<br><br>ELECTRONIC DATA SYSTEMS<br>CORPORATION, et al.,<br><br>                Defendants. | Civil No.07cv1842-LAB(NLS)<br><br>**ORDER RE: PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ORDER AUTHORIZING PRE-HEARING DISCOVERY**<br><br>[Doc. No. 8] |

On September 25, 2007, Plaintiffs in the above-captioned matter filed an *Ex Parte* Application for Order Authorizing Pre-Hearing Discovery in Relation to Motion for Remand [Doc. No. 8], along with several supporting documents [Doc. Nos. 9-11]. Plaintiffs' request leave of court to commence and conduct discovery in advance of the November 13, 2007 hearing date set before presiding District Judge Larry A. Burns on their pending motion to remand this case to state court. Defendants filed an opposition to the *ex parte* application [Doc. No. 12] and Plaintiffs filed a reply [Doc. No. 16]. For the following reasons, the Court **GRANTS** Plaintiffs' *Ex Parte* Application [Doc. No. 8].

## BACKGROUND

On August 21, 2007, Plaintiffs Joel M. Cram and Minh D. Nguyen ("Plaintiffs") filed a putative class action complaint in San Diego County Superior Court against Defendant Electronic Data Systems Corporation ("Defendant") alleging causes of action for: (1) unpaid overtime compensation in violation of California Labor Code ("CLC") Sections 510 and 1194; (2) waiting penalties pursuant to CLC Sections 201-203; and (3) unfair competition in violation of California Business and Professions Code

Section 17200 *et seq*. (*See Plaintiffs' Complaint* ¶¶ 28-48.) On September 20, 2007, Defendant removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides federal district courts with original jurisdiction over class actions with 100 or more putative class members, where the amount in controversy exceeds the sum or value of $5,000,000, and where "minimal" diversity of citizenship exists between at least one class member and the defendant. *See* 28 U.S.C. § 1332(d)(2).

Plaintiffs filed this action as a class action involving allegedly more than 100 putative class plaintiffs. (*Complaint* ¶ 26.a.) Accordingly, by Plaintiffs' own allegations, the first requirement to support this Court's jurisdiction under CAFA is met. Defendant asserts in the Notice of Removal that diversity of citizenship exists between individually named Plaintiffs Cram and Nguyen, both citizens of California, and Defendant, which is incorporated in Delaware. (*Defendant's Notice of Removal* ¶¶ 10-11.) Plaintiffs do not dispute this assertion. (*Complaint* ¶¶ 4,5, & 8.) Therefore, the second requirement to support this Court's jurisdiction under CAFA is also met. However, the parties disagree as to whether the third and final requirement for jurisdiction, amount in controversy, is satisfied. Defendant makes specific allegations in the Notice of Removal regarding the amount placed in controversy by Plaintiffs' complaint, arguing that the amount exceeds $10,000,000, plus attorneys' fees and expenses, and therefore easily satisfies the $5,000,000 requirement under §1332(d). (*Id*. ¶ 14.)

Plaintiffs dispute Defendant's allegations regarding amount in controversy, and on September 25, 2007, filed a Motion to Remand this matter back to state court arguing that the amount in controversy requirement is not met [Doc. No. 3]. The motion to remand is set for hearing on November 13, 2007 before presiding District Judge Larry A. Burns. Also on September 25, 2007, Plaintiffs filed the instant *ex parte* application, seeking jurisdictional discovery from Defendant regarding the amount in controversy alleged by Defendant in the Notice of Removal [Doc. No. 8]. Plaintiffs argue that any and all evidence which may establish that the amount in controversy exceeds $5,000,000 is in the exclusive possession of Defendant, and that denial of discovery prior to the hearing on the motion to remand could result in an erroneous exercise of subject matter jurisdiction by this Court. (*Memorandum in Support of Plaintiffs'* Ex Parte *Application*, 3.)

/ / /

Defendant filed an opposition to Plaintiffs' request for pre-hearing discovery [Doc. No. 12]. First, Defendant argues that Plaintiffs' *ex parte* application is procedurally inappropriate, and that Plaintiffs should have filed a fully noticed motion to compel the requested discovery. Second, Defendant contends that Plaintiffs' discovery request lacks the requisite detail necessary for the Court to determine whether and to what extent any discovery should be allowed. Third, Defendant argues that there is no basis for the "expedited" jurisdictional discovery that Plaintiffs seek because challenges to subject matter jurisdiction under CAFA can be raised at any time. Finally, Defendant argues that the instant proceedings could have been avoided if Plaintiffs had continued to engage in meet and confer discussions with Defendant regarding Defendant's potential willingness to provide Plaintiffs with further documentation supporting jurisdictional amount. Defendant asserts that as a result of Plaintiffs' hasty filing, their *ex parte* application has caused unnecessary expense to both the parties and the Court. (*Defendant's Opposition*, 2-3.) Plaintiffs filed a reply, in which they defend their choice of procedural mechanism as proper and necessary given the hearing date currently set on the motion to remand. (*Plaintiffs' Reply*, 2.) Plaintiffs also attempt to clarify the discovery sought, stating that discovery is only directed to Defendant and includes information regarding Defendant's staffing, payroll, and record-keeping practices with respect to the putative plaintiff class. (*Id*. at 3-4.)

## DISCUSSION

**A.    Legal Standard**

    **1.    Discovery in General**

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the

burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

### 2. Amount in controversy under CAFA

The general principles embodied in the Federal Rules of Civil Procedure which support liberal discovery in civil cases must be considered in tandem with the body of case law that has developed specifically to address pre-class certification discovery in cases removed to federal court pursuant to CAFA. Generally in purported class actions, the amount in controversy is to be decided from the complaint itself. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995). *See also Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings.") The calculation of the amount in controversy takes into account claims for "general" damages, "special" damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract. *Id.* (citations omitted). The amount in controversy does not include accruing or accrued interest or the costs of the suit. *Id.* (citation omitted). According to the Report of the Senate Committee on the Judiciary on CAFA, the requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established "either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S.Rep. No. 109-14, at 40 (Feb. 28, 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977.

The procedure in the Ninth Circuit for determining the amount in controversy on removal requires a district court to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If it is not, the court may consider facts in the removal petition as well as evidence submitted by the parties, including "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* A defendant who bears the burden of proving the propriety of removal must provide facts supporting its assertions as to the minimum jurisdictional requirement. *See, e.g., Alexander v. FedEx Ground Package System, Inc.*, 2005 WL 701601, at *1 (N.D. Cal. 2005), citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Jurisdictional discovery is permissible when the Court is unable to determine, on the existing record, whether it has jurisdiction. *See generally Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977); *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000). Such discovery should be "precisely focused" and "aimed at addressing matters relating to [] jurisdiction." *See GTE*, 199 F.3d at 1352; *see also Crane v. Carr*, 814 F.2d 758, 764 (D.C. Cir. 1987) (finding that "reasonable discovery addressed to the jurisdictional issue" should be permitted). Jurisdictional discovery in CAFA cases, as in pre-CAFA cases, should be "sufficiently tailored" to lead to information concerning the jurisdictional issue. *See Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 985 (S.D.Cal. 2005) *citing Schwartz v. Comcast Corp.*, 2005 WL 1799414, at *7 (E.D. Pa. July 28, 2005).

**B.     <u>Analysis</u>**

Plaintiffs seek jurisdictional discovery regarding the amount in controversy asserted in Defendant's Notice of Removal. Plaintiffs argue that they require limited discovery on this issue in order to support their pending motion to remand, which rests on the single contention that the amount placed in controversy by their complaint does not meet the $5,000,000 threshold required by CAFA. (*Plaintiffs' Memorandum*, 2-3.) In support of this request, Plaintiffs cite the preponderance of the evidence standard that will apply on the motion to remand. (*Plaintiffs' Reply*, 2.) Plaintiffs contend that if they are not permitted to discover information solely in Defendant's possession regarding the amount in controversy in this case, they will be unduly prejudiced in litigating their remand motion. (*Id.*)

Defendant raises several arguments in opposition to Plaintiffs' request. First, Defendant contends that Plaintiffs' *ex parte* application is procedurally improper, Plaintiffs should be proceeding via noticed motion, and no urgency exists to support jurisdictional discovery on an expedited basis. (*Defendant's Opposition*, 4.) Pursuant to Civil Local Rule 26.1.e, all requests of the Court to compel discovery are referred to the magistrate judge assigned to the case, who retains discretion to waive all or part of the motion practice requirements of Civil Local Rule 7.1. It is well within this Court's discretion to accept Plaintiffs' request as an *ex parte* application and rule on the application in an expedited basis. Thus, Defendant's procedural argument is unavailing. Furthermore, to the extent that Defendant argues "there is no urgency for the remand motion to be heard," and therefore no basis for ruling on Plaintiffs'

*ex parte* application expeditiously, this argument also fails. This Court exercised its discretion to hear this matter on an expedited basis because Plaintiffs seek discovery that allegedly is relevant to the disposition of a motion currently pending before the presiding district judge, set for hearing in approximately six weeks. Although the statutory basis for jurisdiction in this case may not dictate accelerated consideration of Plaintiffs' request, the hearing date set by the district judge on Plaintiffs' pending motion to remand this case to state court does so require.

Defendant next argues that Plaintiffs filed this *ex parte* application prematurely based on the fact that the parties engaged in only a limited attempt to meet and confer prior to Plaintiffs filing the application. (*Defendant's Opposition*, 5.) Defendant states that the meet and confer consisted of a single phone call lasting approximately one half of an hour, and that counsel for Defendant offered during the course of the discussion to provide Plaintiffs with supplemental information to resolve the amount in controversy issue and avoid the current proceedings. (*Id.*; *Declaration of Martin T. Wymer* ¶¶ 4-5.) Based on Defense counsel's own Declaration filed in support of Defendant's opposition, the meet and confer requirement was met by the parties prior to Plaintiffs filing the *ex parte* application.[1] Therefore, Defendant's contention that Plaintiffs should have put forth additional effort to resolve the instant dispute prior to seeking relief from the Court is without legal merit.

The Court notes that Defendant's arguments are almost entirely procedural in nature. Defendant does not raise a substantive basis for why the Court should prohibit Plaintiffs from conducting limited discovery in this matter, when the relevant case law as well liberal discovery rules tend to support the request. In addition, the Court appreciates that Defendant offered to provide relevant information voluntarily to Plaintiffs in order to resolve the amount in controversy issue without the involvement of the Court. (*Defendant's Opposition*, 2, 5; *Declaration of Martin T. Wymer* ¶ 5.) Based on Defendant's demonstrated willingness to provide Plaintiffs with information to support the assertion that the amount placed in controversy by Plaintiffs' complaint exceeds $5,000,000, and Plaintiffs' request for such information, and in consideration of the Ninth Circuit's approach to pre-remand discovery in CAFA cases, the Court shall allow expedited, limited discovery to go forward on the single issue of amount in

---

[1] Pursuant to Civil Local Rule 26.1.a, "[t]he court shall entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have previously met and conferred concerning all disputed issues. ( . . . ) If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone."

controversy.  However, the Court notes that a defendant's burden is to produce underlying *facts* showing only that it is more likely than not that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the plaintiff's complaint.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Thus, a defendant is generally not obligated to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to putative class members at the pre-certification stage of the litigation.  *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky. 1994) (recognizing that the preponderance of the evidence standard does not place a "daunting" burden on the defendant to prove the plaintiff's claims for damages).  Therefore, the Court shall limit not only the scope and duration of jurisdictional discovery, but also shall restrict the discovery method to the use of interrogatories only, in the interest of judicial economy and in an effort to lessen the burden that this discovery may place on the parties.[2]

### CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiffs' *Ex Parte* Application [Doc. No. 8] and shall allow both parties to conduct expedited, limited discovery on the single issue of whether the amount placed in controversy by the allegations in Plaintiffs' complaint exceeds the $5,000,000 requirement set forth by CAFA.  *See* 28 U.S.C. § 1332(d).  Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs and Defendant shall be allowed to propound on the other a single set of interrogatories, not to exceed **ten (10)** in number for each side, directed specifically towards this issue.  This expedited discovery shall be **completed** within **thirty (30)** days of the date of this order.  Failure to comply with this order shall be grounds for the imposition of sanctions, including but not limited to exclusion of evidence, taking certain facts as established, and/or monetary sanctions.  *See* FED. R. CIV. P. 37(c).

**IT IS SO ORDERED**.

DATED:  October 3, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge

---

[2] The answering party shall "furnish such information as is available to the party" after conducting a reasonable inquiry.  *See* FED. R. CIV. P. 33(a).  Each interrogatory must be answered separately and under oath.  FED. R. CIV. P. 33(b).