# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL M. CRAM, MINH D. NGUYEN, and ROES 1 through 10, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>ELECTRONIC DATA SYSTEMS CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 07cv1842-LAB (NLS)<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR MOTION HEARING CONTINUANCE**<br><br>[Dkt No. 31] |

This matter is before the court on Plaintiffs' *Ex Parte* Application To Continue Hearing On Plaintiffs' Motion For Remand in this putative class action asserting violations of the California Labor and Business and Professions Codes.

Defendant Electronic Data Systems Corporation ("EDS") removed the action to federal court on September 20, 2007 in reliance on federal jurisdiction allegedly conferred pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) ("CAFA"), diversity of citizenship, and 28 U.,S.C. §§ 1441(a), 1446. Plaintiffs filed a Motion For Remand on September 25, 2007, with a November 13, 2007 hearing date. Plaintiffs represent they filed the remand motion "at the earliest possible date" to avoid adjudication of "any merits issue prior to determining whether [the court] has subject matter jurisdiction," but with the intention "to simultaneously seek pre-hearing discovery by *ex parte* application" and, if necessary, to

1  "seek a continuance of the hearing on the [Remand] Motion to permit Plaintiffs to utilize the
2  products of such" discovery. Dkt No. 4, 5:10-14. Plaintiffs applied *ex parte* to the magistrate
3  judge assigned to this case, Hon. Nita L. Stormes, also on September 25, 2007, for leave
4  to conduct discovery in advance of the remand hearing. The parties do not dispute two of
5  the three CAFA requirements for federal jurisdiction over this dispute are satisfied (*i.e.,* size
6  of the putative class and diversity of citizenship), but they dispute the amount in controversy.
7  EDS alleges with a demonstration in its Notice of Removal that the amount the Complaint
8  places in controversy exceeds $10,000,000, plus attorneys' fees and expenses. Plaintiffs
9  contend the $5,000,000 threshold for federal CAFA jurisdiction is not satisfied.

10  By Order entered October 3, 2007, Judge Stormes granted Plaintiffs' request for leave
11  to conduct jurisdictional discovery on the amount in controversy issue, over EDS's
12  opposition. Dkt No. 18. However, she reasonably limited "not only the scope and duration
13  of jurisdictional discovery," but also restricted "the discovery method to the use of
14  interrogatories only, in the interest of judicial economy and in an effort to lessen the burden
15  that this discovery may place on the parties." Dkt No. 18, 7:9-12. She authorized each side
16  to propound a single set of interrogatories not to exceed ten (10) in number, directed
17  specifically towards establishing the amount in controversy. She ordered the expedited
18  discovery be completed within thirty (30) days of the date of her Order. Dkt No. 18, 7:18-20.

19  In consideration of that discovery authorization, the undersigned District Judge
20  continued the hearing of Plaintiff's Motion To Remand from November 13, 2007 to
21  December 3, 2007. Dkt No. 22. The briefing schedule was correspondingly continued, so
22  that EDS' Opposition is currently due November 19, 2007 and Plaintiffs' Reply
23  November 26, 2007. Plaintiffs' counsel, David J. Gallo, Esq., now moves *ex parte* to
24  continue the hearing date and briefing schedule for three weeks or, alternatively, for five
25  weeks. He represents the requested three-week extension is not opposed by defense
26  counsel, in consideration of surgery he learned on October 31, 2007 he needs to undergo
27  shortly before Plaintiffs' Reply papers are due to be filed, with a recovery period anticipated
28  to last approximately ten (10) days before resumption of half-time work and fourteen (14) to

twenty-one (21) days before resumption of full-time work. Mr. Gallo represents EDS opposes the alternative five-week continuance. He seeks the longer, alternative continuance on the basis of a possible need for a supplemental response period after Judge Stormes' December 11, 2007 hearing of Plaintiffs' Motion To Compel addressing two of the interrogatories. EDS counsel has telephonically confirmed the accuracy of Mr. Gallo's representations of its position and joins in Mr. Gallo's request that should any continuance be granted, the remand motion briefing schedule be correspondingly continued.

For good cause shown, and in consideration of the non-opposition to a three-week continuance, **IT IS HEREBY ORDERED** the hearing of Plaintiffs' Motion To Remand is continued a second time, from December 3, 2007 to ***December 31, 2007 at 10:30 a.m.***, with a corresponding continuance of the Civ.L.R. 7.1(e) briefing schedule. **IT IS FURTHER ORDERED** no further continuances of the remand motion hearing will be granted absent a showing of extraordinary good cause.

**IT IS SO ORDERED**.

DATED: November 13, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge