UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL M. CRAM, et al.,<br><br>                    Plaintiffs,<br>v.<br>ELECTRONIC DATA SYSTEMS<br>CORPORATION, et al.,<br><br>                    Defendants. | Civil No.07cv1842-LAB(NLS)<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION TO COMPEL<br>INTERROGATORY ANSWERS**<br><br>[Doc. No. 34] |

On October 3, 2007, this Court granted Plaintiffs' request to commence and conduct expedited jurisdictional discovery in this case, and instructed the parties that each could propound upon the other up to ten interrogatories, with the limited discovery to be completed within thirty days of the date of the order. (*See Court's 10/3/07 Order Granting Plaintiff's Ex Parte Application*, 7.) On November 12, 2007, subsequent to the close of the expedited discovery period, Plaintiffs filed a motion to compel, requesting that the Court order Defendant Electronic Data Systems Corporation ("Defendant") to provide supplemental responses to two interrogatories. Defendant filed an opposition to the motion [Doc. No. 45] and Plaintiffs filed a reply [Doc. No. 49]. For the following reasons, the Court **DENIES** Plaintiffs' motion [Doc. No. 34].

## BACKGROUND

On August 21, 2007, Plaintiffs Joel M. Cram and Minh D. Nguyen ("Plaintiffs") filed a putative class action complaint in San Diego County Superior Court against Defendant Electronic Data Systems Corporation ("Defendant") alleging causes of action for: (1) unpaid overtime compensation in violation

of California Labor Code ("CLC") Sections 510 and 1194; (2) waiting penalties pursuant to CLC Sections 201-203; and (3) unfair competition in violation of California Business and Professions Code Section 17200 *et seq*. (*See Plaintiffs' Complaint* ¶¶ 28-48.)  On September 20, 2007, Defendant removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides federal district courts with original jurisdiction over class actions with 100 or more putative class members, where the amount in controversy exceeds the sum or value of $5,000,000, and where "minimal" diversity of citizenship exists between at least one class member and the defendant.  *See* 28 U.S.C. § 1332(d)(2).

Plaintiffs dispute Defendant's allegations regarding amount in controversy, and on September 25, 2007, filed a Motion to Remand this matter back to state court arguing that the amount in controversy requirement is not met [Doc. No. 3].  The motion to remand is set for hearing on January 7, 2008 before presiding District Judge Larry A. Burns.  On that same date, Plaintiffs also filed an *ex parte* application requesting permission from the Court to conduct discovery on the amount in controversy issue [Doc. No. 8].  Based on Defendant's demonstrated willingness to provide Plaintiffs with information to support the assertion that the amount placed in controversy by Plaintiffs' complaint exceeds $5,000,000, and Plaintiffs' request for such information, and in consideration of the Ninth Circuit's approach to pre-remand discovery in CAFA cases, the Court granted the *ex parte* application, allowing expedited discovery to go forward on the single issue of amount in controversy.  (*See Court's 10/3/07 Order*, 7.)

Plaintiffs served Defendant with ten interrogatories pursuant to the Court's order.  Upon receipt of Defendant's initial responses thereto, Plaintiffs determined that the responses were insufficient. Counsel for the parties met and conferred, and Defendant agreed to provide Plaintiffs with supplemental responses.  After reviewing the supplemental responses, Plaintiffs remained dissatisfied with the answers to two out of the ten interrogatories, and the instant motion to compel ensued.  Plaintiffs seek an order directing Defendant to provide more complete answers to Interrogatories 9 and 10, detailed below. (*Plaintiff's Motion to Compel*, 2.)  Defendant opposes the motion, arguing that the supplemental response provided to Interrogatory 9 is sufficient, and that Interrogatory 10 seeks information outside the scope of permissible discovery at this stage of the litigation.  (*Defendant's Opposition*, 2-5.)

Defendant also requests that the Court award attorneys fees and costs associated with defending against Plaintiffs' motion, arguing that the motion was brought for no reason other than to harass Defendant and escalate the cost of litigating this matter. (*Id*. at 8.) Plaintiffs filed a reply, arguing that the supplemental information they seek is essential to controverting Defendant's claim that the amount in controversy requirement is met pursuant to CAFA. (*Plaintiff's Reply*, 2.)

## DISCUSSION

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

Under Federal Rule of Civil Procedure 33, a party may propound interrogatories which require the answering party to "furnish such information as is available to the party" after conducting a reasonable inquiry. *See* FED. R. CIV. P. 33(a). Each interrogatory must be answered separately and under oath. FED. R. CIV. P. 33(b). Plaintiffs seek a supplemental response to Interrogatory 9, which states:

> "Please describe in the greatest detail possible the basis, if any, for EDS' contention that the amount in controversy in the above-captioned civil action exceeds Five Million Dollars ($5,000,000.00). At a minimum, please show EDS' calculations, and explain the underlying factual basis for the numbers utilized by EDS in performing such calculations."

(*Plaintiff's Motion*, Ex. "A," 28.) Defendant objected to the interrogatory based on the attorney work product doctrine. Without waiving the objection, Defendant provided a two page supplemental response that detailed the number of individuals Defendant has employed since August 21, 2003 (approximately

1 | 280 individuals in the State of California in the particular job positions that Plaintiffs' complaint place at
2 | issue in this matter), the approximate hourly rate at which those individuals were paid ($28.49 per hour),
3 | as well as the average number of overtime hours worked by each individual, and calculated the resulting
4 | estimated value of Plaintiffs' unpaid overtime compensation claims at $7,144,146.70.  (*Id*. at 28-30.)

5 |       Plaintiffs do not appear to dispute the calculations contained in Defendant's response, but argue
6 | that the lengthy answer provided by Defendant to this interrogatory is insufficient because it fails to
7 | provide any information regarding the anticipated cost of Plaintiffs' requested injunctive relief.
8 | (*Plaintiffs' Motion*, 4.)  Thus, although Defendant provided specific dollar calculations regarding the
9 | anticipated value of Plaintiffs' damages claims, Plaintiffs assert that Defendant should have provided
10 | equally specific calculations regarding the cost of potential future injunctive relief.  (*Id*.)  In the
11 | supplemental response, Defendant states that the seven million dollar amount "does not include
12 | plaintiffs' claims for attorneys' fees and injunctive relief, which will likely equal or exceed" the
13 | damages calculations.  (*Plaintiff's Motion*, Ex. A," 30.)

14 |       Defendant argues that the cost of injunctive relief was not calculated because the permanent
15 | nature of the relief sought by Plaintiffs makes the calculation too speculative.  Defendant states:

> "[t]he permanent nature of the injunction plaintiffs seek makes performing the calculation impossible.  Specifically, whatever the cost would be in any one year of providing overtime pay to individuals who have allegedly been misclassified as exempt would have to be multiplied by an infinite number of years and would be subject to numerous variables including increases in wage rates and the size of the relevant workforce.  Thus, EDS' guess, if one were compelled, would likely be an amount somewhere between the claimed past losses and 'infinity.'"

20 | (*Defendant's Opposition*, 6.)  Defendant also contends that because the proffered response to the
21 | interrogatory demonstrated an approximate $7.1 million value for Plaintiffs' claims for back overtime
22 | pay and waiting time penalties, the exact value of any injunctive relief is a moot point.  Defendant
23 | argues that the response was complete to the extent that actual calculations grounded in real numbers
24 | could be made, and that these calculations demonstrate the underlying factual basis requested in the
25 | interrogatory for Defendant's contention that the amount in controversy in this case has been met.
26 | (*Defendant's Opposition*, 6.)

27 |       The Court finds that Defendant's supplemental response to Interrogatory 9 is adequate and
28 | sufficiently complete for purposes of jurisdictional discovery.  More detailed calculations regarding the

potential cost of permanent injunctive relief may well be speculative, and, in any event, are unnecessary given that the threshold amount in controversy has already been exceeded by the detailed calculations for back overtime pay and waiting penalties Defendant has provided.  Accordingly, the Court **DENIES** Plaintiffs' request for an order compelling Defendant to provide additional responses to Interrogatory 9.

Plaintiff also seeks a supplemental response to Interrogatory 10, which states:

> "Please identify by name, business address, and job title, each person who may have knowledge of the factual basis, if any, for EDS' contention that the amount in controversy in the above-captioned civil action exceeds Five Million Dollars ($5,000,000.000)."

(*Plaintiff's Motion*, Ex. "A," 30.)   Defendant objected to this interrogatory, arguing that it seeks information outside of the scope of discovery permitted by the Court's October 3, 2007 order, which limited both parties to discovery concerning amount in controversy only, and to ten interrogatories per side. (*Id.*)  Without waiving the objection, Defendant did respond to the interrogatory by providing Plaintiffs with the names of several employees of Defendant who have access to the records used to perform the amount in controversy calculations contained in the responses to Plaintiffs' other interrogatories.  (*Id.*)

Plaintiffs argue that Defendant should be required to supplement the response to this interrogatory by providing the identities of Defendant's managers, as well as the job titles and business addresses of those individuals. (*Plaintiffs' Motion*, 6-7.)  Plaintiffs assert that they need this information in order to contact these people and conduct *ex parte* investigatory interviews with them regarding their knowledge of the amount in controversy in this case.  (*Id.*)  Defendant objects, arguing that Plaintiffs' admission that they seek to contact these people in order to interview them directly violates this Court's prior order limiting the parties at this stage to the use of interrogatories only. (*Defendant's Opposition*, 7.)  Defendant asserts that any supplemental response would provide Plaintiffs with the names and contact information for individuals, most of whom are presently employed by Defendant in managerial positions, and as such, Plaintiffs ethically would not be able to contact the individuals on an *ex parte* basis.  (*Id.* at 8.)

In the context of this case and the instant motion, the Court notes that a defendant's burden is to produce underlying *facts* showing only that it is more likely than not that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the plaintiff's complaint. *Singer v.*

*State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Thus, a defendant is generally not obligated to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to putative class members at the pre-certification stage of the litigation. *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky. 1994) (recognizing that the preponderance of the evidence standard does not place a "daunting" burden on the defendant to prove the plaintiff's claims for damages). It is for this reason, as well as interests of judicial economy and the burdensome nature of pre-motion to remand discovery, that the Court limited the scope, duration, and permissible methods of discovery. In consideration of these underlying principles, the Court will not compel Defendant to provide a further response to Interrogatory 10. To do so would require Defendant to provide information that at this stage is of dubious relevance to the amount in controversy issue, and would promote Plaintiffs' use of discovery methods that the Court has not permitted at this time. Accordingly, the Court **DENIES** Plaintiffs' motion to compel a further response to Interrogatory 10.

## **ATTORNEYS' FEES & COSTS**

Defendant seeks an award of attorneys' fees and costs incurred in defending against this motion, arguing that Plaintiffs brought the motion for the sole purpose of harassing Defendant. (*Defendant's Opposition*, 9.) Under Federal Rule of Civil Procedure 37(a)(4), if a motion to compel is granted the Court shall require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees. *See* FED. R. CIV. P. 37(a)(4)(A). If the motion to compel is denied, the Court may require the moving party or the attorney filing the motion (or both) to pay the opposing party its reasonable expenses incurred in opposing the motion. FED. R. CIV. P. 37(a)(4)(B).

Because the Court has denied Plaintiffs' motion to compel in its entirety, preliminary grounds exist upon which to base an award of fees and costs to Defendant. However, Defendant did not provide the Court with any information regarding an estimated or actual dollar amount of fees and costs incurred. Accordingly, Defendant shall serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in defending against Plaintiffs' motion. The memorandum shall provide a reasonable itemization and description of the work

performed, identify the attorney(s) or other staff member(s) performing the work, as well as the attorney(s) or staff member(s) customary fee for such work.  Counsel's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.  Counsel for Plaintiffs shall then have the opportunity to serve and file a responsive memorandum addressing any equitable considerations deemed appropriate for the Court to consider in determining the amount of costs and fees which should be awarded, if any.  Upon receipt of these memoranda, the Court will consider Defendant's request for fees and costs, and rule accordingly.

## CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' motion to compel [Doc. No. 34] and Defendant shall not be required to provide any further supplemental responses to Plaintiffs' discovery requests.

Defendant shall serve and file the above-referenced memorandum and affidavit of counsel regarding attorneys fees and costs on or before *December 21, 2007*.  Plaintiffs shall serve and file their responsive memorandum on or before *December 31, 2007*.

**IT IS SO ORDERED**.

DATED:  December 12, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge