# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JOEL M. CRAM, MINH D. NGUYEN, and
ROES 1 through 10, individually, and on
behalf of all others similarly situated,

                                        Plaintiffs,

        vs.

ELECTRONIC DATA SYSTEMS
CORPORATION, a Delaware
corporation, and DOES 1 through 100,
inclusive,

                                        Defendants.

CASE NO. 07cv1842-LAB (NLS)

**ORDER DENYING MOTION FOR
REMAND**

[Dkt No. 3]

This matter is before the court on putative class representatives' Motion For Remand
("Motion").  Plaintiffs are two former employees of defendant Electronic Data Systems
Corporation ("EDS") who bring this wage-and-hour case seeking unpaid overtime
compensation, payment of waiting penalties, and damages and injunctive relief for alleged
violations of California law, as well as recovery of their reasonable attorneys' fees.  On
September 20, 2007, EDS removed the case to federal court, asserting original federal
jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. §
1332(d) ("CAFA").  The parties agree the size of the putative class under the alternative
definitions plaintiffs recite satisfies CAFA's numerosity element.  They also agree CAFA's
"minimal diversity" element is satisfied from the face of the pleading.  Their dispute regarding

1    this court's jurisdiction to decide the matter is whether the CAFA "amount in controversy"

2    requirement is satisfied.  Plaintiffs observe they did not specify an amount of damages in

3    their Complaint.  In its removal papers, EDS purports to demonstrate the $5 million threshold

4    for CAFA jurisdiction is satisfied.

5          Simultaneously with the September 25, 2007 filing of this Motion, plaintiffs applied *ex*

6    *parte* for leave to conduct pre-hearing discovery to substantiate whether an amount-in-

7    controversy defect divests this court of jurisdiction.  In an Order entered October 3, 2007,

8    Magistrate Judge Nita L. Stormes authorized the parties to conduct expedited jurisdictional

9    discovery.  Dkt No. 18.  She limited the discovery to ten interrogatories per side to address

10   the narrow question whether the Complaint allegations place in controversy damages in

11   excess of $5 million.  As summarized in Judge Stormes' subsequent Order Denying

12   Plaintiffs' Motion To Compel Interrogatory Answers, plaintiffs were dissatisfied with the

13   interrogatory responses EDS initially provided.  Dkt No. 52.  EDS agreed to provide

14   supplemental responses.  Plaintiffs remained dissatisfied with EDS' responses to two of the

15   ten interrogatories.  In denying plaintiffs' request that EDS be compelled to quantify the

16   potential cost of permanent injunctive relief, in addition to the quantification EDS provided

17   of likely compensatory damages should plaintiffs prevail, Judge Stormes observed a

18   valuation of the injunctive relief would be speculative and, in any event, "the threshold

19   amount in controversy has already been exceeded by the detailed calculations for back

20   overtime pay and waiting penalties Defendant has provided" in other of the interrogatory

21   responses. Dkt No. 52, 4:27-5:3.  She also denied plaintiffs' request that EDS be ordered

22   to provide a supplemental response to augment its identification of persons with knowledge

23   of the factual basis for its position the amount in controversy exceeds $5 million as neither

24   necessary nor within the narrow scope of the authorized jurisdictional discovery. Dkt No. 52,

25   5:5-6:12.  She concluded EDS had carried its burden to make a factual showing that it is

26   more likely than not the amount in controversy exceeds $5 million, assuming the truth of the

27   allegations in the Complaint. Dkt No. 52, 5:27-6:2, *citing* Singer v. State Farm Mut. Ins. Co.,

28   / / /

116 F.3d 373, 376 (9th Cir. 1997); <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

Consistently with Judge Stormes' findings from EDS' demonstration, this court finds EDS has carried its burden as the removing party on the issue of the CAFA amount in controversy element.  Moreover, EDS' Motion Opposition augments its showing the $5 million threshold is surpassed not only by the computations of back overtime damages and waiting penalties should plaintiffs prevail, standing alone, but also in consideration of the potential for an award of attorneys' fees and the potential value of the injunctive relief component of the litigation objectives.

Accordingly, as the court finds no Reply to EDS' Opposition to the Motion could conceivably alter the law of the case ruling by Judge Stormes nor this court's conclusion, based on its *de novo* review of EDS' demonstration, the CAFA amount in controversy more probably than not exceeds the jurisdictional threshold, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Motion To Remand is **<u>DENIED</u>**.

2.      Plaintiffs' request for an award of their attorneys' fees incurred as a result of the purportedly "improvident removal" pursuant to 28 U.S.C. § 1447(c) is **<u>DENIED</u>**.

3.      The Motion To Remand hearing presently scheduled for January 7, 2008 *is off-calendar*.

**IT IS SO ORDERED**.

DATED:  December 18, 2007

**HONORABLE LARRY ALAN BURNS**
United States District Judge