1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOEL M. CRAM, et al.,                    )    Civil No.07cv1842-LAB(NLS)
                                              )
                        Plaintiffs,           )    **ORDER GRANTING DEFENDANT'S**
12   v.                                       )    **REQUEST FOR ATTORNEYS' FEES**
                                              )
13   ELECTRONIC DATA SYSTEMS                  )
     CORPORATION,                             )
14                                            )
                        Defendant.            )
15   _____        )

16        On October 3, 2007, this Court granted Plaintiffs' request to commence and conduct expedited

17   jurisdictional discovery in this case, and instructed the parties that each could propound upon the other

18   up to ten interrogatories, with the limited discovery to be completed within thirty days of the date of the

19   order.  (*See Court's 10/3/07 Order Granting Plaintiff's Ex Parte Application*, Doc. No. 18, 7.)  On

20   November 12, 2007, at the close of the expedited discovery period, Plaintiffs filed a motion to compel,

21   requesting that the Court order Defendant Electronic Data Systems Corporation ("Defendant") to

22   provide supplemental responses to two interrogatories.  This Court denied Plaintiffs' motion, and

23   ordered the parties to file supplemental briefs addressing the merits of Defendant's request for an award

24   of attorneys' fees incurred as a result of having to defend against Plaintiffs' motion to compel.  (*See*

25   *12/12/07 Order Denying Plaintiffs' Motion to Compel*, 6-7.)  In compliance with the Court's order,

26   Defendant filed a memorandum and affidavit of counsel regarding attorneys fees [Doc. Nos. 63 & 64].

27   Plaintiffs filed a responsive memorandum, as well as a declaration in support [Doc. Nos. 67 & 68].  For

28   the following reasons, the Court **GRANTS** Defendant's request for attorneys' fees.

**BACKGROUND**

On August 21, 2007, Plaintiffs Joel M. Cram and Minh D. Nguyen ("Plaintiffs") filed a putative class action complaint in San Diego County Superior Court against Defendant Electronic Data Systems Corporation ("Defendant").  On September 20, 2007, Defendant removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiffs immediately filed a Motion to Remand this matter back to state court, arguing that the amount in controversy requirement of CAFA could not be satisfied and had not been properly supported by Defendant upon removal.  Based on Defendant's demonstrated willingness to provide Plaintiffs with information to support the assertion that the amount placed in controversy by Plaintiffs' complaint exceeds $5,000,000, and Plaintiffs' request for such information, the Court allowed expedited discovery to go forward on the single issue of amount in controversy, prior to ruling on the motion to remand. (*See 10/3/07 Order*, 7.)

During the course of the expedited discovery period, a dispute arose regarding two out of Defendant's ten interrogatory responses.  Plaintiffs filed a motion compel, which this Court denied. (*See 12/12/07 Order*, Doc. No. 52.)  Defendant requested an award of attorneys fees and costs associated with defending against Plaintiffs' motion, arguing that the motion was brought for no reason other than to harass Defendant and escalate the cost of litigating this matter.  (*See Defendant's Opposition to Plaintiffs' Motion to Compel*, Doc. No. 45, 8-9.)  Because Plaintiffs' motion to compel was denied in its entirety, the Court found that preliminary grounds existed under Federal Rule of Civil Procedure 37(a)(4)(B) upon which to base an award of fees and costs to Defendant.  The Court deferred its ruling subsequent to the receipt of supplemental briefing on the issue.  (*See 12/12/07 Order*, 6-7.)  On December 21, 2007, Defendant filed a memorandum and declaration of counsel in support which detail the fees incurred by Defendant in preparing the opposition to the motion to compel, and identify the attorneys who performed the work and their actual fees [Doc. Nos. 63 & 64].  Plaintiffs filed a responsive memorandum arguing that the motion to compel was substantially justified, and as such, an award of attorneys' fees is not warranted under the applicable Federal Rules [Doc. Nos. 67 & 68].

/ / /

/ / /

2

# DISCUSSION

Under Federal Rule of Civil Procedure 37(a)(4)(B), if a motion to compel is denied, the Court may require the moving party or the attorney filing the motion (or both) to pay the opposing party its reasonable expenses incurred in opposing the motion. FED. R. CIV. P. 37(a)(4)(B). Rule 37 states, in pertinent part,

> "the court ... shall ... require the moving party ... to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorneys' fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

In order to assess whether the motion was "substantially justified," a court looks to whether reasonable people could differ as to whether it was appropriately raised. *Pierce v. Underwood*, 487 U.S. 552, 566 (1988); *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

On October 3, 2007, this Court granted Plaintiffs' request for an expedited, pre-motion to remand discovery period in which to investigate the single issue of whether the amount in controversy in this case satisfies CAFA's $5 million threshold requirement. (*See 10/3/2007 Order*, Doc. No. 18.) The Court cautioned the parties that although it had chosen to allow a limited, narrowly focused discovery period, that to support a claim of jurisdiction in the class action context,

> "a defendant's burden is to produce underlying facts showing *only* that it is more likely than not that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the plaintiff's complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). Thus, a defendant is generally *not* obligated to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to putative class members at the pre-certification stage of the litigation. *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky. 1994) (recognizing that the preponderance of the evidence standard does not place a "daunting" burden on the defendant to prove the plaintiff's claims for damages). Therefore, the Court shall limit not only the scope and duration of jurisdictional discovery, but also shall restrict the discovery method to the use of interrogatories only, in the interest of judicial economy and in an effort to lessen the burden that this discovery may place on the parties." (emphasis added.)

(*10/3/2007 Order of the Court*, 6-7.)

Plaintiffs immediately served Defendant with ten interrogatories pursuant to the Court's order. Upon receipt of Defendant's initial responses thereto, Plaintiffs determined that the responses were insufficient. Counsel for the parties met and conferred, and Defendant agreed to provide Plaintiffs with supplemental responses when Plaintiffs insisted that additional information was needed to determine the

amount placed in controversy by their own complaint.  Defendant supplied Plaintiffs with lengthy verified interrogatory responses and supplemental interrogatory responses that contained detailed calculations demonstrating the amount in controversy based on unpaid overtime wages and waiting penalties alone to be at least $7 million – well beyond the CAFA threshold of $5 million.  Not satisfied with that showing, Plaintiffs brought their motion to compel further information concerning Defendant's calculation of the value of future injunctive relief, presumably in an effort to determine just how far beyond $7 million the potential amount in controversy might be.  Plaintiffs' motion to compel was completely unnecessary and unreasonable given the extremely narrow scope of pre-motion to remand discovery and Defendant's significant efforts to satisfy Plaintiffs' requests for additional information without necessitating the Court's involvement.  The Court finds it entirely just and appropriate that Plaintiffs bear the attorneys' fees incurred by Defendant in responding to the motion to compel.  Plaintiffs' justification for filing the motion is not persuasive.

Defendant requests an award of attorneys' fees in the amount of $2956.00.  (*See Defendant's Memorandum in Support of Fee Award*, 2.)  Defendant has supported this calculation by providing the Court with information regarding the total hours spent by defense counsel defending against the motion to compel, as well as the hourly rates of counsel and the specific rates that their law firm is charging Defendant in this case.  (*See Declaration of Gregory Mersol in Support* ¶¶ 2-6.)  Defense counsel also states that due to Plaintiffs' status as individuals and Plaintiffs' counsel's status as a solo practitioner, that Defendant seeks an award "less than what was actually expended in connection with opposing" the motion.  (*Id*. ¶ 7.)  The Court finds this amount reasonable.

Plaintiffs' counsel asserts that pursuant to Rule 37, because this matter did not involve any wrongful conduct or decision by Plaintiffs themselves, any award of expenses should be imposed upon Plaintiffs' counsel directly.  (*Plaintiffs' Responsive Memorandum*, 18.)  The Court agrees, and as such, Plaintiffs' counsel, David J. Gallo, shall be solely responsible for reimbursing Defendant's attorneys' fees.

/ / /

/ / /

/ / /

<u>**CONCLUSION**</u>

Based on the foregoing, Defendant's request for attorneys' fees is **GRANTED**.  Plaintiffs' counsel, David J. Gallo, shall pay attorneys' fees in the amount of **$2956.00**, to be delivered directly to Defendant care of defense counsel Sabrina Layne Shadi, Baker & Hostetler LLP, 12100 Wilshire Boulevard , Suite 1500, Los Angeles, CA 90025-7120, **_no later than February 15, 2008_**.

**IT IS SO ORDERED**.

DATED:  January 8, 2008

_Nita L. Stormes_

Hon. Nita L. Stormes
U.S. Magistrate Judge

5