1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   JOEL M. CRAM, MINH D. NGUYEN, and
     ROES 1 through 10, individually, and on
12   behalf of all others similarly situated,

13                                        Plaintiffs,

         vs.
14

15

16   ELECTRONIC DATA SYSTEMS
     CORPORATION, a Delaware
17   corporation, and DOES 1 through 100,
     inclusive,

18                                        Defendants.

19

CASE NO. 07cv1842-LAB (NLS)

**ORDER OVERRULING
OBJECTIONS TO MAGISTRATE
JUDGE'S DENIAL OF MOTION
TO COMPEL DISCOVERY**

[Dkt No. 65]

20       By Order entered December 19, 2007, this court denied plaintiffs' Motion For Remand

21   in this putative class action alleging violations of California law associated with defendant

22   Electronic Data Systems Corporation's ("EDS") practices regarding the payment of overtime

23   compensation to its employees, among other things.  Dkt No. 55.  The issue presented in

24   the Motion To Remand was whether EDS, as the removing party, could demonstrate it is

25   more likely than not the amount in controversy exceeds the $5 million jurisdictional threshold

26   required before this court can exercise original federal jurisdiction pursuant to the Class

27   Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").  Magistrate Judge Nita L.

28   Stormes had authorized limited, expedited discovery solely on the amount in controversy

1  issue associated with the Motion To Remand, limited to the propounding of ten (10)

2  interrogatories per side.   Dkt No. 18.   EDS provided plaintiffs with responses and

3  supplemental responses to their interrogatories.   Plaintiffs remained dissatisfied with EDS'

4  responses to plaintiffs' Interrogatory Nos. 9 and 10.

5            Please describe in the greatest detail possible the basis, if any,
          for EDS' contention that the amount in controversy in the above-
6          captioned civil action exceeds Five Million Dollars
          ($5,000,000.00).  **At a minimum, please show EDS'**
7          **calculations, and explain the underlying factual basis for the**
          **numbers utilized by EDS in performing such calculations**.

8

9  Interrogatory No. 9 (emphasis added).

10           Please identify by name, business address, and job title, each
          person who may have knowledge of the factual basis, if any, for
11          EDS' contention that the amount in controversy in the above-
          captioned civil action exceeds Five Million Dollars
12          ($5,000,000.00).

13  Interrogatory No. 10.

14         Plaintiffs moved to compel further responses to those two interrogatories.  Dkt No. 34.

15  In an Order entered  December 12, 2007, Judge Stormes denied their motion on grounds

16  the additional responses sought information beyond the scope of the authorized expedited

17  discovery and were unnecessary to inform the question whether the jurisdictional threshold

18  amount in controversy appeared to be satisfied.  Dkt No. 52.  She determined EDS' factual

19  showing, based on computations of back overtime damages and waiting penalties alone,

20  demonstrated the Complaint placed in controversy an amount in excess of the CAFA

21  jurisdictional threshold, so that compelling EDS to provide further calculations of additional

22  damages associated with plaintiffs' equitable relief theories was unnecessary.

23         In consideration of plaintiffs' moving papers in support of remand, EDS' Opposition

24  to the remand motion, the parties' filings associated with the Motion To Compel, and the

25  grounds for Judge Stormes' denial of that motion, this court concluded EDS carried its

26  burden to demonstrate CAFA removal jurisdiction, irrespective of any argument plaintiffs

27  could attempt to make to the contrary in a Reply brief.  Without recourse to any other

28  damages valuation under any other theory of recovery, upon *de novo* review of the amount

in controversy issue as illuminated by the authorized interrogatory responses, this court concurred with Judge Stormes' finding the amount placed in controversy by the Complaint more probably than not exceeds $5 million and denied the Motion To Remand.  Dkt No. 55.  Plaintiffs filed, then withdrew applications for reconsideration of the Order denying remand.  Dkt Nos. 59-62, 66.

On December 21, 2007, plaintiffs filed Objections to Judge Stormes' Order denying their Motion To Compel supplemental responses to Interrogatory Nos. 9 and 10.  Federal Rules of Civil Procedure ("Rule") 72 provides, in pertinent part, that when a magistrate judge has decided a nondispositive matter:[1]

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order. . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Rule 72(a).

The undersigned district judge's Standing Order in Civil Cases provides: "A party objecting to a Magistrate Judge's [non-dispositive] order shall file objections as provided in Federal Rule of Civil Procedure 72.  Upon receipt of objections the Court will issue a briefing schedule and set a hearing date, if appropriate."  Standing Order ¶ 9(a).  For the reasons discussed below, the court finds neither additional briefing nor a hearing is required to address and overrule plaintiffs' Objections for failure to demonstrate any portion of Judge Stormes' Order is clearly erroneous or contrary to law.

Plaintiffs object:  (1) the discovery Order "erroneously concluded that EDS' own interrogatory responses rendered complete discovery responses 'unnecessary'; and, to the

---

[1]   Relying on a district court case from the Third Circuit, plaintiffs argue this court improperly relied on the magistrate judge's ruling in excess of her authority because remand is "the functional equivalent of a dispositive order."  Dkt No. 65 8:10-17.  However, the magistrate did not decide the Remand Motion.  This court decided the Remand Motion, including *de novo* review of the amount in controversy issue.  Moreover, plaintiffs identify authority from the Ninth Circuit which undercuts its "jurisdictional" theory.  Dkt No. 65, 8:21-26, *citing* MacLeod v. Dalkon Shield Claimants Trust, 886 F.Supp. 16, 18 (D.Or. 1995) ("In this case, Magistrate Judge Stewart . . . had the authority to enter an order of remand, **a non-dispositive pretrial matter**, pursuant to 28 U.S.C. § 636(b0(1)(A)") (emphasis added).

extent the discovery Order might be interpreted to contain a finding regarding amount in controversy, same was erroneous and in excess of the magistrate judge's jurisdiction" (Obj. 6:16-19 (upper case modified)); and (2) "the Discovery order itself indicates that it may constitute a predicate to an award of monetary sanctions" (Obj. 5:13-15, *citing* Discovery Order, 6:14-7:8, discussing Rule 37(a)(4)(B) awards of fees and costs incurred to successfully oppose motions to compel discovery).    The second Objection is simply inchoate and moot.[2]

The first objection is without merit.   Once EDS demonstrated the amount in controversy more likely than not exceeds the CAFA jurisdictional threshold predicated on certain of the theories of recovery advanced in the Complaint, any additional valuations predicated on other Complaint theories would serve only to increase the amount in controversy to sums in even greater excess of the jurisdictional limit. The objective underlying preliminary jurisdictional discovery is not to establish what plaintiffs' recovery might actually be, but rather to ascertain whether the minimum amount placed in controversy by the Complaint allegations likely satisfies the jurisdictional threshold.  The removing party is not required at this phase to make a dispositive showing definitively establishing the actual damages plaintiffs are likely to recover if they prevail.   The purpose of the expedited discovery responses was solely to resolve the parties' dispute over the likely minimum valuation of the Complaint claims for purposes of the remand motion, a purpose satisfied

---

[2]   Plaintiffs sought leave to "conduct pre-hearing discovery directed to the basis, if any, for EDS' contention as to the amount in controversy." Dkt No. 9, 3:22-24. EDS opposed the *ex parte* application on grounds it was "ill founded, and substantively baseless" for the reasons identified in the opposition and was a misuse of the *ex parte* process, suggesting sanctions would be appropriately imposed against plaintiffs for those reasons.   Dkt No. 12,  8:2-3.   In her October 3, 2007 Order granting the *ex parte* application for limited pre-hearing discovery, Judge Stormes implicitly rejected EDS' sanctions request by not addressing the issue. Dkt No. 18.  On January 8, 2008, Judge Stormes granted EDS' request for attorneys' fees incurred to successfully oppose plaintiffs' *ex parte* Application To Compel additional interrogatory responses. Dkt No. 72. The award of those fees and costs  is not a proceeding in the nature of a sanction, but rather is an application of the provisions of Rule 37(A)(4)(B), which provide: "If the motion [to compel discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

1   without the need for recourse to additional calculations under other of the Complaint
2   theories.  Plaintiffs may seek the  additional information they desire in the normal course of
3   the discovery process.

4          In addition, this court conducted a *de novo* review of the evidence in denying remand
5   to independently conclude that it is more likely than not the Complaint places in controversy
6   an amount in excess of $5 million based on the overtime and penalty wages calculations
7   alone.  That process disposes of plaintiffs' jurisdictional challenge to the same finding by
8   Judge Stormes in denying their Motion To Compel a second supplemental response to
9   Interrogatory No. 9.  This court did not simply adopt Judge Stormes' finding on the issue of
10  amount in controversy as demonstrated in the EDS responses to Interrogatory No. 9 nor give
11  it "preclusive effect."  *See* Singer v. State Farm Mutual Ins. Co., 116 F.3d 373, 376 (9th Cir.
12  1997); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

13         Plaintiffs also object they are entitled to an expanded damages valuation response,
14  in reliance on evidentiary objections and "best evidence" theories.  The Verification by EDS
15  representative Suzy K. Arnold alludes to business records and employees of EDS as the
16  source of the materials used to calculate the likely number of employees, their salaries, their
17  overtime, and the like relevant to the Complaint's putative class allegations as those inform
18  the amount in controversy issue.  Plaintiffs' argument that EDS' interrogatory responses are
19  "inadmissible" evidence for failure to provide supporting documentation is without merit.
20  Interrogatories are not a proper discovery device to obtain production of documents. Judge
21  Stormes limited the expedited jurisdictional discovery to ten (10) interrogatories per side.
22  Plaintiffs cannot unilaterally expand that discovery burden to encompass document
23  production on "best evidence" or any other theory.  A propounding party may request copies
24  of supporting documentation identified in the response be attached to interrogatory answers,
25  but the responding party cannot be compelled by such a request to produce those
26  documents, and the viability of the interrogatory response is not compromised for failure to
27  attach copies of identified documents.  Normally, a party may serve a Rule 34 request for
28  document production concurrently with the interrogatories.  However, the narrow and

07cv1842

1  exceptional discovery at issue here was circumscribed by the court to a limited number of

2  interrogatories only.  Nothing prevents plaintiffs in the normal course of discovery from

3  seeking document production.[3]

4          Plaintiffs also challenge the Interrogatory No. 9 responses as incompetent evidence

5  because Ms. Arnold describes the calculations provided as compiled based on "the materials

6  and records of [EDS] and the employees, agents and representatives of EDS," and the

7  "responses . . . [as] true to the best of her knowledge, information and belief."  Dkt No. 65,

8  9:26-10:8.  Plaintiffs' reliance for its evidentiary Objections on representations in EDS'

9  Opposition To Motion To Compel that "the tabulation of data [was] from multiple sources that

10 were not within the knowledge of any single individual" and "[n]o one witness had knowledge

11 as to the entire class or global amount in controversy," actually reinforces the adequacy of

12 EDS' responses at this preliminary stage of the litigation for purposes of ascertaining

13 whether it carried its burden to demonstrate the probability the amount in controversy is

14 satisfied.  *See* Dkt No. 45, 8:13-18.  In addition, plaintiffs' criticism of the Discovery Order for

15 failure to "expressly state that EDS' interrogatory responses were evidentiary in nature, or

16 that EDS had provided any matter by ***evidence***" on grounds "[c]alculations are not evidence"

17 is without merit.  Dkt No. 65 8:7-9. The call of Interrogatory No. 9, by its own terms,

18 requested as a minimum satisfactory response only "calculations" and an "explanation" of

19 the underlying factual basis, the very responses EDS provided.  For all the foregoing

20 reasons, Plaintiffs' objections to Judge Stormes' Order denying their motion to compel a

21 supplemental response to Interrogatory No. 9 are **OVERRULED** as neither clearly erroneous

22 nor contrary to law, without the need for further briefing or hearing.

23         Plaintiffs fail to elaborate on what basis this court should find Judge Stormes clearly

24 erred or made a ruling contrary to law at this stage in the litigation in denying their motion to

25

26         [3]  Similarly, Plaintiffs' reliance on FED. R. EVID. 1006 is unavailing.  That rule addresses the
27 production of "the contents of voluminous writings, recordings, or photographs which cannot
   conveniently be examined in court may be presented in the form of a chart summary or calculation,"
28 with the originals or duplicates required in that case to be "made available for examination or
   copying, or both." Such a process is not consistent with the timing and purpose of the expedited
   discovery Order at issue here, authorizing only interrogatory responses of limited scope.

1  compel discovery of additional detail associated with EDS contact persons whose identities

2  and descriptions were solicited in Interrogatory No. 10.  No witness interviews, depositions,

3  or other discovery is permitted as of course at the pre-Early Neutral Evaluation Conference

4  stage of the litigation.  EDS was only required to produce underlying *facts* showing it is more

5  likely than not the amount in controversy threshold is met.  Dkt No. 52, 5:26-28.  EDS

6  responded twice to that interrogatory, providing names, while preserving its objection the call

7  of the question exceeded the authorized scope of the limited expedited discovery on the

8  narrow issue of amount in controversy.  Both Judge Stormes and this court, respectively,

9  have independently determined EDS carried its burden adequately to avoid being compelled

10 to augment its interrogatory responses and to avoid remand at this time.  This court

11 **OVERRULES** the objections to the Discovery Order result with respect to Interrogatory

12 No. 10, without the need for further briefing or hearing.

13        Finally, the court finds plaintiffs' request that this court "set aside the Discovery Order,

14 at least to the extent it might be construed to preclude Plaintiffs from litigating whether the

15 amount-in-controversy requirement for CAFA jurisdiction has been satisfied" (Dkt No. 65,

16 12:2-4) seeks speculative relief neither necessary nor appropriate.

17        For all the foregoing reasons, **IT IS HEREBY ORDERED** plaintiffs' Objections to the

18 denial of their motion to compel additional interrogatory responses are **OVERRULED** in that

19 they identify no portion of the Discovery Order that is clearly erroneous or contrary to law in

20 the procedural posture of this case**.**

21        **IT IS SO ORDERED**.

22 DATED:  January 10, 2008

23

24 **HONORABLE LARRY ALAN BURNS**
   United States District Judge

25

26

27

28