1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL M. CRAM, MINH D. NGUYEN, and ROES 1 through 10, individually, and on behalf of all others similarly situated, | CASE NO. 07cv1842-LAB (NLS) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR ORDER DIRECTING CURATIVE COMMUNICATION** |
| vs. | [Dkt No. 38] |
| ELECTRONIC DATA SYSTEMS CORPORATION, a Delaware corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

Defendant Electronic Data Systems Corporation ("EDS") removed to federal court this putative class action alleging solely state labor law and unfair competition claims associated with allegations of failure to pay its employees owed overtime compensation.  The matter is before the court on the named plaintiffs' motion for a court Order directing EDS to circulate a "curative communication" to prospective class members to ensure:  (1) they are aware of the pendency of this lawsuit; (2) they are aware they may have claims under California labor law which differ from and may survive any waiver of claims arising under the federal Fair Labor Standards Act ("FLSA"), the subject matter of the EDS communications plaintiffs find objectionable; and (3) they remain eligible to participate in this lawsuit, in the event the court certifies it as a class action, even if they accept back overtime compensation owed under federal law and have signed or will sign EDS' preferred receipt.  EDS filed an Opposition,

1    and plaintiffs filed a Reply.  Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues

2    presented appropriate for decision on the papers and without oral argument.  For the

3    reasons discussed below, plaintiffs' Motion For Order Directing A Curative Communication

4    ("Motion") is **DENIED**.

5         EDS communicated with certain of its employees or former employees using a U.S.

6    Department of Labor ("DOL") form associated with the tender of back overtime

7    compensation as calculated under the federal Fair Labor Standards Act ("FLSA").  A cover

8    letter from EDS to those employees explained EDS conducted a voluntary job code review

9    under the supervision of the DOL to identify job functions appropriately re-classified as

10   overtime eligible, EDS records indicated the recipient may have performed one of those re-

11   classified functions within the past three years, and EDS "has decided to compensate you

12   for back overtime you may have worked during this period."  Hittle Decl. Exh. A-5.  The

13   communications were accompanied by a DOL receipt to be executed and returned by the

14   recipient and expressly alerted the recipients state labor law may differ from federal law,

15   including with respect to the period of recoverable back overtime pay.  Id.

16        Despite the purely federal law auspices under which the communications and

17   tendered compensation were distributed, plaintiffs perceive a "danger that Prospective Class

18   Members may be left with the inaccurate understanding" that by accepting EDS' payments

19   proferred under federal labor law, they "are somehow barred from recovering back overtime

20   recoverable under" California law.  Mot. P&A 5:2-7.  Plaintiffs worry "Prospective Class

21   Members may also be left with an inaccurate belief that any overtime compensation earned

22   between three (3) and four (4) years ago cannot be recovered" because of a reference in the

23   communication to two-year and three-year recovery periods.  Id. 5:8-9.  They predicate their

24   Motion on their opinion "it would seem appropriate" to inform prospective class members of

25   the pendency of this lawsuit "prior to being asked to execute any document which may be

26   construed as a release of any kind or character."  Id. 5:9-12.  Without a "curative

27   communication" providing prospective class members with such information "in the near

28   future, they may conclude . . . they need not read any notices which this Court may order"

1    in this action "because they may believe they have 'settled' their claims." Id. 5:12-15.  They

2    also express "concern" that EDS might try to use the Receipts to assert an affirmative

3    defense of release of claims for all back overtime payments.  Id. 5:15-17.

4           Plaintiffs rely on the court's "duty to supervise pre-certification communications with

5    Prospective Class members" to protect "the integrity of the class and the administration of

6    justice," citing FED. R. CIV. P. ("Rule") 23(d) and Gulf Oil v. Bernard, 452 U.S. 89, 100-102

7    (1981) (holding that while a district court has "broad authority to exercise control over a class

8    action and to enter appropriate orders governing the conduct of counsel and parties," orders

9    limiting communications between parties and potential class members "should be based on

10   a clear record and specific findings that reflect a weighing of the need for the limitation and

11   the potential interference with the rights of the parties" upon a specific "showing by the

12   moving party of the particular abuses by which it is threatened," and any such Order should

13   be "consistent with the narrowest possible relief which would protect the respective parties").

14   The Gulf Oil court found a district court's "sweeping restraint order," restricting

15   communications from named plaintiffs and their counsel to prospective class members

16   during the pendency of a class action, failed to weigh competing factors and failed to

17   disclose the grounds on which the court could have determined the Order was necessary

18   or appropriate.

19          This Motion seeks not to restrain EDS' communications but rather to compel follow-up

20   communications in a manner helpful to the advancement of plaintiffs' position in this

21   litigation.  However, plaintiffs fail to persuade the court their fears and speculation regarding

22   possible misunderstandings by potential class members need to be addressed at this pre-

23   notice, pre-certification phase in the litigation.  Moreover, from the face of the FLSA-based

24   communications, no recipient accepting the proffered back overtime pay calculated under

25   federal law is asked to waive state law rights nor does the communication propose an

26   election of remedies.  Plaintiffs fail to make the case for any compelling need to explain all

27   such distinctions and eligibilities in advance of an eventual notice to class members, nor do

28   they provide any principled basis upon which the court can weigh the competing rights and

1  obligations of the parties on any record permitting the specific findings a district court must
2  make before issuing orders affecting the rights of the parties to communicate with potential
3  class members.  It is insufficient to assert simply, as do plaintiffs here, "it would seem
4  appropriate" for the court to intervene at this time.

5        EDS characterizes the Motion as "frivolous" because "it is undisputed [EDS] has
6  voluntarily paid back overtime to certain current and prior employees in exchange for a
7  waiver of their right to pursue an action under the federal Fair Labor Standards Act, 29
8  U.S.C. ss 201 *et seq* (the 'FLSA') . . . [and] plaintiffs in this matter have not sought to pursue
9  a claim under the FLSA on behalf of themselves or the putative class members."  Opp. 2:2-
10  7.  "Furthermore, these payments were largely mailed out **prior** to the filing of this case."[1]
11  Id. 2:7.  Plaintiffs do not dispute the waiver form EDS tendered along with the payments is
12  "a standard form prepared by the [DOL] . . . [which] specifically notifies the recipient that the
13  waiver applies **only** to FLSA claims," and the cover letter "expressly advises that state laws
14  may differ from the FLSA."   Id. 2:8-13.   EDS further objects the requested "curative
15  communication" to each employee who received a waiver would have to be distributed
16  "whether or not the employee would be part of the purported putative class in this case."  Id.
17  2:14-16.  They argue the forms EDS sent "were noncoercive and completely accurate," and
18  plaintiffs' "request is an improper attempt to leapfrog the certification phase of this matter
19  and proceed directly to class notification."   Id. 2:14-22.

20        Plaintiffs identify no actual "abuse" or "threat[]" to create confusion and influence the
21  threshold decision whether to *remain in the class*" in the procedural posture of this case.
22  Mot. P&A 5:25-6:2 (emphasis added), *quoting* In re School Asbestos Litig., 842 F.2d 671,
23  683 (3rd Cir. 1988) (addressing post-class-certification communications regarding the very

24  _____

25        [1]    In reliance on the Evans Declaration provided in support of their Opposition, EDS
   represents checks were mailed to employees included in EDS' voluntary audit "in several phases
26  beginning in April 2007."  Op. P&A 4:16-17.  "Of the 58 checks sent to putative class members who
   are still employed by EDS, only **one** was sent after August 21, 2007 (the date the Complaint in this
27  matter was filed) . . . [and the] final phase of the self-audit was completed on September 27, 2007
   when checks were mailed to employees who had been separated from EDS prior to or during the
28  audit." Id. 4:17-21.  EDS removed the action to federal court on September 20, 2007 pursuant to the
   Class Action Fairness Act of 2005, 28 U.S.C. s 1332(d), and the federal case recently survived
   plaintiffs' Motion To Remand.

subject matter of the litigation which urged particular conduct by actual class members, where the reviewing court held the district court lacked a proper Rule 23(d) basis to restrict communications with the class as expansively as had been ordered) and In re Currency Conversion Fee Antitrust Litigation, 361 F.Supp.2d 237, 252 (S.D.N.Y. 2005) (substantiating "one policy of Rule 23 is the protection of class members from 'misleading communications from the parties or their counsel'") (citation omitted).  A mere possibility of confusion is insufficient to justify the district court's exercise of supervisory authority over parties' communications with potential class members.  Plaintiffs' purely speculative concerns regarding what the individuals receiving the communications from EDS "may believe," in light of the absence of any actual misinformation likely to affect the rights of potential class members, convince the court judicial intervention to compel EDS to issue "corrective" communications at this time is unnecessary and would be inappropriate.  See, e.g., Parks v. Eastwood Ins. Servs., 235 F.Supp.2d 1082, 1084 (C.D. Cal. 2002) (denying application to prevent defense communications with potential "opt-in" class members in a FLSA class action, noting "pre-certification communication from the defense to prospective plaintiffs is generally permitted" and holding "a defendant employer may communicate with prospective plaintiff employees who have not yet 'opted in,' unless the communication undermines or contradicts the Court's own notice to prospective plaintiffs").  Plaintiffs' Motion complains EDS made no mention of this action, quite the opposite of circumstances where defendants misrepresent the nature of a class-action lawsuit or attempt to counsel potential class members to opt out of particular litigation.  See Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc., 59 F.3d 764 (8th Cir. 1995) (holding the district court's Order granting plaintiffs' motion to regulate defendant's communications under Rule 23(d) both restraining and enforcing speech did not arise from improper communications with plaintiffs and lacked a clear record, lacked specific findings regarding what was misleading and why, and failed to weigh the need for the limitation in consideration of potential interference with the rights of the parties under the Gulf Oil standard, so that a curative notice from the court was not justified).  The challenged communication here does not omit

1  any critical information and actually alerts recipients their rights under state law may differ

2  from their rights under federal law.

3      The court finds the objectives of plaintiffs' proposed "curative communication" can be

4  effectively achieved in the normal course at the class notice phase of this litigation.  Plaintiffs

5  do not make the case for urgency to explain to potential class members the distinctions

6  between federal labor law rights and issues outside the scope of this litigation and the

7  independent state law claims advanced in this lawsuit.  Plaintiffs' conjecture offers no basis

8  for specific findings the court must make before it may properly compel or restrict EDS'

9  communications, particularly when they were not inherently abusive nor coercive and do not

10  appear to have compromised the state law rights of any potential class member. The court

11  finds on balance EDS' challenged communication with potential putative class members was

12  neither misleading nor improper so as to justify the court's intervention at this time.

13      For all the foregoing reasons, **IT IS HEREBY ORDERED** plaintiffs' Motion For Order

14  Directing Curative Communication is **<u>DENIED</u>**.  Each side shall bear its own costs associated

15  with the Motion.

16      **IT IS SO ORDERED**.

17  DATED:  January 16, 2008

18  

19  **HONORABLE LARRY ALAN BURNS**
United States District Judge

20

21

22

23

24

25

26

27

28

07cv1842