1
2
3
4
5
6
7  **UNITED STATES DISTRICT COURT**
8  **SOUTHERN DISTRICT OF CALIFORNIA**
9

10  JOEL M. CRAM, MINH D. NGUYEN, and          CASE NO. 07cv1842-LAB (NLS)
     ROES 1 through 10, individually, and on
11  behalf of all others similarly situated,      **ORDER OVERRULING**
                                                  **PLAINTIFFS' OBJECTIONS TO**
12                                Plaintiffs,     **ORDER AWARDING**
                                                  **ATTORNEYS' FEES**
13         vs.
                                                  [Dkt No. 75]
14
     ELECTRONIC DATA SYSTEMS
15  CORPORATION, a Delaware
     corporation, and DOES 1 through 100,
16  inclusive,

17                                Defendants.

18         By Order entered January 8, 2008, Magistrate Judge Nita L. Stormes granted

19  defendant Electronic Data Systems Corporation's ("EDS") request for an award of its

20  attorneys' fees, sought and substantiated in the amount of $2,956.00, incurred to oppose

21  plaintiffs' unsuccessful Motion To Compel EDS to provide supplemental responses to

22  interrogatories.[1]  Dkt No. 72.  Judge Stormes had authorized expedited jurisdictional

23  discovery regarding the amount in controversy in this putative class action EDS had removed

24  to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)

25

26         [1]  EDS represented, in seeking its expenses incurred to oppose the discovery motion, it had
     discounted its requested award to an amount less than its actual expenses in consideration of
27  plaintiffs' "status as individuals and Plaintiffs' counsel's status as a solo practitioner."  Dkt No. 72,
     4:13-20, *quoting* the Declaration of Gregory Mersol in support of the fee request.  Plaintiffs assert
28  no objection to the amount of the award, which Judge Stormes expressly found to be "reasonable."
     Dkt No. 72, 4:20.

1  ("CAFA").  Dkt No. 18.  In awarding attorneys' fees reimbursement pursuant to FED. R. CIV.

2  P. ("Rule") 37(a)(4)(B), Judge Stormes rejected plaintiffs' argument their Motion To Compel

3  was substantially justified.[2]

4        Plaintiffs have timely filed Objections to Judge Stormes' Order asking this court to

5  "review . . . the question whether Plaintiffs' prior Motion to Compel Interrogatory Answers

6  was substantially justified, or whether other circumstances make an award [of the opposing

7  party's expenses] unjust."  Dkt No. 75, 2:14-16.  A district judge shall consider objections to

8  magistrate judge orders deciding non-dispositive matters "and shall modify or set aside any

9  portion of the magistrate judge's order found to be erroneous or contrary to law."  Rule 72(a).

10  This court's Standing Order prescribes it will review such objections, then determine whether

11  additional briefing or a hearing is needed.  Standing Order In Civil Cases ¶ 9.  For the

12  reasons discussed below, the court finds no error in the challenged Order and no need for

13  additional briefing or a hearing before overruling plaintiffs' Objections.

14        After the authorized jurisdictional discovery was completed, plaintiffs moved to compel

15  EDS to provide a valuation of the injunctive relief portion of the Complaint claims.  They

16  contended EDS' interrogatory responses were incomplete because their calculations

17  addressed only the monetary damages and wage penalties values placed in controversy by

18  the Complaint, even though the responses demonstrated plaintiffs' claims more likely than

19  not well exceeded the CAFA jurisdictional threshold.  Plaintiffs also objected EDS relied on

20  calculations from its personnel and business records they insist are inadequately

21  authenticated, so the interrogatory responses and supplemental responses are purportedly

22  "inadmissible evidence," further justifying the Motion To Compel a valuation of the injunctive

23

---

24        [2]  The court *sua sponte* notes that prior to an amendment effective December 1, 2007, the
pertinent Rule (and the version relied on by plaintiffs and in the challenged Order) provided: "If the

25  motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving
party or the attorney filing the motion or both of them to pay to the party or deponent who opposed

26  the motion the reasonable expenses incurred in opposing the motion, including attorney's fees,
unless the court finds that the making of the motion was substantially justified or that other

27  circumstances make an award of expenses unjust."  Rule 37(a)(4)(B).  The current version of the
Rule appears to strengthen the option to not award fees by adding mandatory language (*i.e.* "must

28  not order this payment") associated with the grounds for denial of a fee award.  *See* below.  Even
under the current version of the Rule, this court overrules plaintiffs' objections.

relief portion of their claims.  Judge Stormes rejected both justifications in denying the motion and awarding EDS its costs to oppose the motion.  This court has elsewhere addressed plaintiffs' dubious insistence EDS' verified interrogatory responses are "inadmissible" in the context of this threshold jurisdictional inquiry.

Under the amendments effective December 1, 2007, awards of attorneys' fees to an opposing party when a motion to compel disclosures or discovery is denied are governed by Rule 37(5)(B), which provides in pertinent part (emphasis added):

> (B) If the Motion Is Denied.  If the motion is denied, the court . . . **must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party** . . . **who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees**.  But the court **must not order this payment if the motion was substantially justified** or other circumstances make an award of expenses unjust.

An award of expenses to a party successfully opposing a motion to compel discovery is thus mandatory in the absence of "substantial justification" for bringing the motion.  In their Objections to Judge Stormes' Order, plaintiffs defend their motion on grounds they "reasonably believed that EDS' interrogatory responses were inadmissible." Dkt No. 75, 4:9-10.  Plaintiffs fail to appreciate the procedural posture of the case and the purpose of the expedited, narrowly-tailored discovery Judge Stormes authorized.  As elaborated in her challenged Order, and by this court in denying plaintiffs' motions to remand and for curative communication with putative class, the sole discovery objective at this preliminary phase of the litigation was to inform the question whether remand to state court was necessary due to a failure of proof EDS could likely satisfy the CAFA amount in controversy based on the Complaint allegations, and solely through interrogatories limited to ten per side.

EDS responded to the authorized interrogatories based on the salaries, the likely overtime compensation should putative class members prevail, and waiting penalty calculations to arrive at a sum in excess of $7 million placed in controversy by the Complaint allegations.  As noted by Judge Stormes, there was no substantial justification for plaintiffs to seek a court Order to compel EDS also to place a value on plaintiffs' equitable relief

1   theories, inasmuch as EDS substantiated from their actual damages and penalty allegations
2   alone the $5 million threshold is likely amply surpassed for purposes of supporting CAFA
3   removal.  In an attempt to avoid the expenses award, plaintiffs argue "EDS would have [had]
4   to disclose facts from which the Court would conclude that the cost of injunctive relief would
5   be nil" (Dkt No. 75, 4:6-7), an unsubstantiated observation having no bearing on the question
6   presented and reinforcing the superfluousness of plaintiffs' Motion To Compel.  In denying
7   the Motion To Compel, Judge Stormes concluded there was no need to require EDS to
8   produce any additional information to inform the question whether the Complaint allegations
9   place in controversy at least $5 million.

10       In objecting to the costs award, plaintiffs unpersuasively attempt to bootstrap their
11   successful *ex parte* application seeking *leave to conduct* limited jurisdictional discovery (Dkt
12   No. 18) into "substantial justification" or some other "circumstance" that would make the
13   expenses reimbursement award for the bringing of their *unsuccessful Motion To Compel*
14   unjust.  Dkt No. 75, 3:1-2 ("The Magistrate Judge erred because Plaintiffs prevailed on the
15   *ex parte* application which resulted in the entry of the Order of 3 October 2007").   The
16   issues associated with the *ex parte* application and the considerations and consequences
17   associated with the Motion To Compel are separate and distinct, temporally, substantively,
18   and legally.

19       Absent substantial justification or some special circumstance, an Order for the
20   recovery of costs incurred to oppose an unnecessary discovery motion is appropriate, and
21   is in fact mandated even in the absence of any wrongful conduct.  *See* Rule 37(5)(B); *see*
22   *also* Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982), *implied*
23   *overruling on other grounds recognized by* Molski v. Evergreen Dynasty, Inc., 500 F.3d 1047,
24   1055 n.2 (9th  Cir. 2007).  In authorizing limited jurisdictional discovery, Judge Stormes had
25   emphasized EDS' only burden was to make a showing based on the Complaint allegations
26   it is more likely than not the amount placed in controversy exceeds the CAFA threshold.  Dkt
27   No. 18, pp. 6-7, *citing* Singer v, State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir.
28   1997), Sanchez v. Monumental Life ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  EDS was

not required to produce any records to prove or disprove liability to putative class members or their potential recovery under any particular theory at this stage of the litigation. Plaintiffs' Motion To Compel unnecessarily sought to expand the scope of the authorized discovery.

In summary, after *de novo* review, the court finds Judge Stormes reasonably concluded plaintiffs' Motion To Compel was not meritorious. Her Order awarding EDS its expenses to oppose the motion is neither clearly erroneous nor contrary to law. Accordingly, plaintiffs' Objections to the Rule 37 award of attorneys fees to EDS are **OVERRULED**, and the court declines to disturb Judge Stormes' January 8, 2008 Order.

**IT IS SO ORDERED**.

DATED:  January 23, 2008

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 5 -

07cv1842