1  DAVID J. GALLO, ESQ. *(California Bar No. 127722)*
   **LAW OFFICES OF DAVID J. GALLO**
2  12702 VIA CORTINA, SUITE 500
   DEL MAR, CALIFORNIA  92014
3  Telephone: (858) 509-3652

4  Attorney for Plaintiffs,
   JOEL M. CRAM, and
5  MINH D. NGUYEN, individually,
   and on behalf of all others similarly situated

6

# UNITED  STATES  DISTRICT  COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10  JOEL M. CRAM, and                              Civil Action Number:
    MINH D. NGUYEN, individually, and on behalf of
11     all others similarly situated,              **07-CV-1842 LAB (NLS)**

12        Plaintiffs,

13  v.

14  ELECTRONIC DATA SYSTEMS                        **MEMORANDUM IN SUPPORT OF**
        CORPORATION, a Delaware corporation,       **MOTION  FOR  AWARD  OF**
15                                                 **COMPENSATION  AND**
        Defendants.                                **REIMBURSEMENT  TO  CLASS**
16                                                 **COUNSEL, AND FOR INCENTIVE**
                                                   **AWARDS  TO  CLASS**
17                                                 **REPRESENTATIVES**

18

19                                                 NAME OF JUDICIAL OFFICER:

20                                                    Hon. Larry A. Burns

21                                                 COURTROOM NUMBER:

22                                                    9 (Second Floor)

23                                                 DATE AND TIME OF HEARING:

24                                                    1 DECEMBER 2008
                                                      11:45 a.m.
25

26

27
                                                                    **07cv1842**
28  **MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND**
    **REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS**
    **REPRESENTATIVES**

# TABLE OF CONTENTS

**PAGE**

I.   PRELIMINARY STATEMENT AND REQUEST FOR JUDICIAL NOTICE...................1

II.  SOURCES OF APPLICABLE LAW......................................................................1

III. THIS LITIGATION HAS SERVED A "BROAD PUBLIC INTEREST", AND ADVANCED AN "IMPORTANT PUBLIC POLICY", OF THE STATE OF CALIFORNIA...........................................................................................................2

IV.  THIS COURT SHOULD AWARD COMPENSATION TO CLASS COUNSEL AS REQUESTED.....................................................................................................5

    A.   Class Counsel's Request for Compensation is Estimated to be Less Than Fifteen Percent (15%) of the Total Benefit Conferred Upon the Plaintiff Class.......5

    B.   Irrespective of the Calculation of the Benefit Conferred Upon the Plaintiff Class, Class Counsel's Request is Reasonable Because the Amount Requested is Consistent With the Likely Amount of a Post-Judgment Award.........................8

    C.   Irrespective of the Calculation of the Benefit Conferred Upon the Plaintiff Class, Class Counsel's Request is Reasonable Because the Amount Requested is Consistent With Federal Precedent and Practice.................................................10

    D.   The Various Equitable Factors Customarily Considered by Courts Awarding Compensation of Class Counsel All Militate in Favor of an Award of Compensation as Requested......................................................................................10

    E.   All Non-objecting Class Members Should be Deemed to Consent to the Award of Compensation as Requested...................................................................15

V.   THIS COURT SHOULD GRANT REIMBURSEMENT TO CLASS COUNSEL............16

VI.  THIS COURT SHOULD APPROVE INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES AS REQUESTED.........................................................16

    A.   Risks to the Class Representatives in Commencing Suit, Both Financial and Otherwise ...............................................................................................17

    B.   Notoriety and Personal Difficulties Encountered by the Class Representatives.....19

    C.   Amount of Time and Effort Spent by the Class Representatives............................19

    D.   Duration of the Litigation.......................................................................................19

    E.   Personal Benefit (Or Lack Thereof) Enjoyed by the Class Representatives as a Result of the Litigation...........................................................................................20

07cv1842

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

## TABLE OF CONTENTS
### (Continued)

PAGE

F.    The Requested Incentive Awards are Usual and Customary..................................20

G.    All Non-objecting Class Members Should be Deemed to Consent to the
      Requested Incentive Awards......................................................................................20

CONCLUSION...............................................................................................................21

CERTIFICATE OF ELECTRONIC SERVICE..............................................................22

[EDS-MPA_MOT_AWARD_COMP+REIMB_01DEC08_cvr.wpd]

07cv1842

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

## TABLE OF AUTHORITIES

**PAGE**

## CASES

*Bell v. Farmers Insurance Exchange* (2001), 87 Cal.App.4th 805...................................11

*California Labor Federation, AFL-CIO
v. Industrial Welfare Commission* (1998), 63 Cal.App.4th 982.......................................4

*Chavez v. Netflix, Inc.* (2008), 162 Cal.App.4th 43.........................................................2, 9

*Combs v. Skyriver Communications, Inc.* (2008), 159 Cal.App.4th 1242.......................11

*Craib v. Bulmash* (1989), 49 Cal.3d 475..........................................................................3

*Earley v. Superior Court* (2000), 79 Cal.App.4th 1420.............................................3, 18

*Gates v. Deukmejian,* 987 F.2d 1392 (9th Cir.1992)........................................................12

*Gould v. Maryland Sound Industries, Inc.* (1995), 31 Cal.App.4th 1137...................3, 18

*Harris v. Superior Court* (2007), *previously published at*
154 Cal.App.4th 164, *review granted* 28 November 2007, S156555.............................11

*Huntington Memorial Hospital v. Superior Court* (2005), 131 Cal.App.4th 893............3

*Ketchum v. Moses* (2001), 24 Cal.4th 1122.....................................................................9

*Lealao v. Beneficial California, Inc.* (2000), 82 Cal.App.4th 19....................................2

In re: *Lugo,* 164 Cal.App.4th 1522...................................................................................9

*Reynolds v. Bement* (2005), 36 Cal.4th 1075.............................................................3-4, 5

*Van Vranken v. Atlantic Richfield Company,* 901 F.Supp. 294 (N.D.Cal. 1995)............2, 10, 16, 20

*Vizcaino v. Microsoft Corporation,* 290 F.3d 1043 (9th Cir. 2002).......................1, 2, 5, 6, 9, 10, 12

In re: *Washington Public Power Supply System Securities Litigation,*
19 F.3d 1291 (9th Cir. 1994)...........................................................................................2

*Wershba v. Apple Computer, Inc.* (2001), 91 Cal.App.4th 224.......................................9

## CALIFORNIA STATUTES

Cal.Civ.Code, § 47(c).......................................................................................................17

Cal.LaborCode, § 203......................................................................................................14

07cv1842
**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

## TABLE OF AUTHORITIES
### (Continued)

**PAGE**

Cal.LaborCode, § 510......................................................................................................4

Cal.LaborCode, § 510(a)................................................................................................3

Cal.LaborCode, § 1194................................................................................................4, 5

Cal.LaborCode, § 1194(a).........................................................................................4, 5, 8

Cal.LaborCode, § 1199...............................................................................................3, 4

Cal.LaborCode, § 1199(b)..............................................................................................3

Cal.LaborCode, § 1199(c)..............................................................................................3

Cal.LaborCode, § 2698...................................................................................................4

Cal.LaborCode, §§ 2698, *et seq.*
**(a/k/a "Labor Code Private Attorneys General Act of 2004"
and/or "PAGA")**....................................................................................................4, 5

Cal.LaborCode, § 2699(f)...............................................................................................5

Stats.1982, c. 185, p.563, § 1 (enacting the former Cal.LaborCode, § 510)....................4

Eight-Hour Day Restoration and Workplace Flexibility Act of 1999,
Stats.1999, c. 134 (A.B. 60) **(the "Eight-Hour Day Restoration Act")**...................4, 6

Stats.2003, c. 906 (enacting PAGA).........................................................................4, 5, 18

## FEDERAL STATUTES

Title 28, U.S.C., Section 1332(d)(2).........................................................................1, 2

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 23(h), Fed.R.Civ.P..................................................................................................8

## OTHER AUTHORITY

Leubsdorf, The Contingency Factor in Attorney Fee Awards (1981) 90 Yale L.J. 473.................9

Posner, Economic Analysis of Law (4th ed.1992)..........................................................9

**07cv1842**

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

This Memorandum in Support of Motion for Award of Compensation and Reimbursement to Class Counsel, and for Incentive Awards to Class Representatives is filed by the Law Offices of David J. Gallo **(hereinafter "Applicant" and/or "Class Counsel"),** and on behalf of Mr. Joel M. Cram, and Mr. Minh D. Nguyen **(hereinafter collectively the "Class Representatives"):**

## I.   PRELIMINARY STATEMENT AND REQUEST FOR JUDICIAL NOTICE

At the 18 August 2008 hearing on preliminary approval, Class Counsel inquired of the Court whether the Court desired that a new motion for final approval be filed, or whether the Court would prefer that only a supplemental memorandum be filed (insofar as the criteria for final approval are identical to the criteria for preliminary approval, except that a court is to consider the reaction of class members to the proposed settlement). Class Counsel understood the Court to accept Class Counsel's suggestion that the initial, preliminary approval motion papers would be carried over to the final approval hearing, and that no new motion for final approval was required.

Class Counsel and the Class Representatives now request that this Court take judicial notice of the motion for preliminary approval, and all supporting papers, in connection with the instant Motion. The instant Memorandum assumes this Court's familiarity with such prior motion and the supporting documents filed therewith.

## II.   SOURCES OF APPLICABLE LAW

By the instant Motion, Class Counsel requests an award of compensation for services performed on behalf of the Plaintiff Class, as well as reimbursement for costs incurred and funds disbursed on behalf of the Plaintiff Class. By the instant Motion, the Class Representatives seek incentive awards to compensate them for services performed, for risks assumed which did not come to fruition, and for risks assumed which may yet come to fruition.

This Court's jurisdiction over the instant action is grounded in diversity of citizenship. (*See,* Title 28, U.S.C., Section 1332(d)(2).) Consequently, compensation of Class Counsel is governed by state law. *See, Vizcaino v. Microsoft Corporation,* 290 F.3d 1043, 1047 (9th Cir. 2002). ("Because Washington law governed the claim, it also governs the award of fees." [Citation

1  omitted.])  However, "... when there is no relevant California precedent on point, federal precedent

2  should be consulted ..."  *Lealao v. Beneficial California, Inc.* (2000), 82 Cal.App.4th 19, 38.

3  Both federal law and California law authorize a trial court to consider both the lodestar

4  approach, and the percentage-of-the-benefit approach, to class compensation.  *See, Vizcaino v.*

5  *Microsoft, supra,* 290 F.3d at 1050.  ("[W]hile the primary basis of the fee award remains the

6  percentage method, the lodestar may provide a useful perspective on the reasonableness of a given

7  percentage award.")  *Cf.: Chavez v. Netflix, Inc.* (2008), 162 Cal.App.4th 43, 63.  Under the

8  percentage-of-the-benefit approach, higher percentages are generally awarded in smaller class

9  actions, such as the case at bar.  *See,* In re: *Washington Public Power Supply System Securities*

10  *Litigation,* 19 F.3d 1291, 1297 (9th Cir. 1994).  ("[T]he percentage of an award generally decreases

11  as the amount of the fund increases."  [Noting the trial court's review of relevant precedent.])  *Cf.:*

12  *Chavez v. Netflix, supra,* 162 Cal.App.4th at 63.  ("[T]he percentage should generally decrease as

13  the number of class members and the size of the fund increases.")  In smaller class actions such as

14  the case at bar (*i.e.,* less than $10 million), courts commonly award percentage-of-the-benefit

15  compensation of between thirty percent (30%) and fifty percent (50%) of the total benefit conferred:

16  "Class Counsel have ... cited 73 district court opinions in which fees in the range of

17  30-50 percent of the common fund were awarded. ... [¶] ... Most of the cases Class
    Counsel have cited in which high percentages such as 30-50 percent of the fund were

18  awarded involved relatively smaller funds of less than $10 million."

19  *Van Vranken v. Atlantic Richfield Company,* 901 F.Supp. 294, 297 (N.D.Cal. 1995).

20

21  **III.   THIS LITIGATION HAS SERVED A "BROAD PUBLIC INTEREST", AND
        ADVANCED AN "IMPORTANT PUBLIC POLICY", OF THE STATE OF**

22  **CALIFORNIA**

23  As stated above, this Court's jurisdiction over the instant action is grounded in diversity of

24  citizenship.  (*See,* Title 28, U.S.C., Section 1332(d)(2).)  The claims asserted in this action arose

25  exclusively under the California Labor Code, and a regulation ("wage order") promulgated

26  thereunder.

27  This action has served to vindicate an important public policy of the State of California.  The

28

**07cv1842**

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 2**

California Legislature commands:

> "Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at ... [an overtime] ... rate of ... [compensation] ..."

(*See,* Cal.LaborCode, § 510(a).)

> "The purpose behind the overtime pay requirement is two-fold: (1) to spread employment by encouraging employers to avoid overtime work and thereby employ additional workers on a regular basis; and (2) where the employer prefers overtime work, to compensate the employee for the burden of working longer hours."

*Huntington Memorial Hospital v. Superior Court* (2005), 131 Cal.App.4th 893, 902.  (Internal quotation marks, citation, and attribution omitted.)

The California Legislature has striven mightily to ensure that employees are not required to work in excess of eight hours per day without overtime compensation.  The California Supreme Court has observed that, "... it is a criminal offense to ... fail to pay ... overtime premium as established by the Industrial Welfare Commission (Labor Code, § 1199, subds. (b), (c) ..." *Craib v. Bulmash* (1989), 49 Cal.3d 475, 496.

> "[T]he Legislature's decision to criminalize certain employer conduct reflects a determination the conduct affects a **broad public interest.** ...  Under Labor Code section 1199 it is a crime for an employer to fail to pay overtime wages as fixed by the Industrial Welfare Commission."

*Gould v. Maryland Sound Industries, Inc.* (1995), 31 Cal.App.4th 1137, 1148-1149.  (Emphasis added.)  Employers who unlawfully fail to pay overtime compensation are subject to punishments up to and including "imprisonment".  (*See,* Cal.LaborCode, § 1199.)

"Entitlement to overtime compensation ... is mandated by statute and is based on an **important public policy.**" *Earley v. Superior Court (Washington Mutual Bank. F.A.)* (2000), 79 Cal.App.4th 1420, 1430.  (Emphasis added.)  However, there are neither enough prosecutors, nor sufficient prison capacity, to rely solely upon the *criminal* justice system to execute the California Legislature's "important public policy" mandate.  Accordingly, "[t]he Legislature also has provided California workers a private right of action to vindicate their overtime rights." *Reynolds v.*

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 3**

*Bement* (2005), 36 Cal.4th 1075, 1084, *citing,* Cal.Labor Code, § 1194(a).  The California Legislature included a unidirectional attorney's fees statute within Labor Code Section 1194 to ensure that employees who are victims of crimes committed in violation of Labor Code Section 1199 will be assured access to counsel.

From 1913 until April of 1997, the California Legislature had entrusted the Industrial Welfare Commission **(hereinafter "IWC")** with the important responsibility to prescribe regulations to protect workers' rights to receive overtime compensation.  *See, ex rel., California Labor Federation, AFL-CIO v. Industrial Welfare Commission* (1998), 63 Cal.App.4th 982, 986.  In 1997, the IWC promulgated new regulations which actually *weakened* California's overtime laws. *See, ex rel., ibid.,* 63 Cal.App.4th at 989.  The California Legislature responded decisively by enacting the Eight-Hour Day Restoration and Workplace Flexibility Act of 1999, Stats.1999, c. 134 (A.B. 60) **(hereinafter the "Eight-Hour Day Restoration Act").**  The Eight-Hour Day Restoration Act enacted the current Section 510 of the California Labor Code, which was the first direct, statutory guarantee of overtime compensation in California.[1]

More recently, the California Legislature enacted the Labor Code Private Attorneys General Act of 2004 **(hereinafter "PAGA"),** Stats.2003, c. 906., Cal.Labor Code, §§ 2698, *et seq.*  Notably, in enacting PAGA, the California Legislature expressly found and declared that:

> "**Adequate financing** of essential labor law enforcement functions **is necessary to achieve maximum compliance with state labor laws** in the underground economy **and to ensure an effective disincentive for employers to engage in unlawful** and anticompetitive **business practices.**"

*See,* Stats.2003, c. 906., § 1(a).  (Emphasis added.)[2]  PAGA permits individual employees to enforce and collect fines (*i.e.,* "civil penalties") recoverable by the State of California (including, *inter*

---

[1]     The prior version of California Labor Code Section 510 was enacted by Stats.1982, c. 185, p.563, § 1.

[2]     Section 1 of PAGA is uncodified, but may easily be accessed through Westlaw, as follows: While viewing Labor Code Section 2698, simply click on: "(Added by Stats.2003, c. 906 (S.B.796), § 2.)", which is under the heading, "CREDIT(S)".

1   *alia,* fines for unlawful non-payment of overtime compensation), and to retain a 25% commission

2   for doing so.  (*See,* Cal.LaborCode, §§ 2698, *et seq.*)  In order to provide financial incentive to

3   induce private **counsel** to prosecute these claims, PAGA also prescribes recovery of attorney's fees

4   incurred in such private enforcement actions.  (*See,* Cal.LaborCode, § 2699(f).)

5   It is relevant to the Court's consideration of the instant Motion that the claims to be

6   compromised and settled are of the type which would have resulted – in the absence of a settlement

7   – in an additional award against the defendant, over and above the amount of any verdict.  (*See,*

8   Cal.LaborCode, § 1194(a).)  California Labor Code Section 1194 provides, "... an established

9   remedy directed specifically at the recovery of unpaid overtime wages ..." *See, Reynolds v. Bement,*

10  *supra,* 36 Cal.4th at 1094.  (Concurring opinion.)  It is important to bear in mind that the attorney's

11  fee provision of Section 1194 is an essential element of a broad statutory schema designed to ensure

12  "adequate financing" (*see,* Stats.2003, c. 906., § 1(a)) of private actions to enforce the overtime laws

13  of the State of California.  It is difficult to imagine how the California Legislature might have

14  announced more clearly that adequate financing of such private enforcement actions through

15  compensation of private counsel is essential to achieve compliance with the overtime requirements

16  of the California Labor Code.  Class Counsel respectfully submits that it is the role of this Court,

17  sitting in diversity, to vigorously enforce the law of California – so as to achieve the declared aims

18  of the California Legislature – by ensuring that Class Counsel, and the Class Representatives, are

19  adequately compensated for services rendered in this case.

20
21  **IV.   THIS COURT SHOULD AWARD COMPENSATION TO CLASS COUNSEL AS
        REQUESTED**

22
23  **A.    Class Counsel's Request for Compensation is Estimated to be Less Than Fifteen
        Percent (15%) of the Total Benefit Conferred Upon the Plaintiff Class**

24  In evaluating compensation to Class Counsel as a percentage of the benefit conferred upon

25  the Class Members, this Court may, and should, consider the benefit conferred upon the Plaintiff

26  Class which is beyond the $900,000.00 Gross Settlement Sum prescribed in the proposed settlement

27  agreement **(hereinafter the "PSA").**  In *Vizcaino v. Microsoft, supra,* the panel noted that the

28

1   district court below had, "... found that counsel's performance generated benefits beyond the cash

2   settlement fund ....", and expressly approved the consideration of such additional benefits in the

3   award of percentage-of-the-benefit compensation. *See, Vizcaino v. Microsoft, supra,* 290 F.3d at

4   1049.   ("Incidental or non-monetary benefits conferred by the litigation are a relevant

5   circumstance.")

6       Evidence before this Court establishes that, during the pendency of this action, EDS revealed

7   that it had re-classified a number of employees as "non-exempt", after a "voluntary" "self-audit"

8   conducted under the "supervision" of the United States Department of Labor. (*See,* Memorandum

9   in Support of Preliminary Approval, Docket Entry No. 116, at page 9, lines 1-11, and evidence cited

10  therein.) Evidence before this Court establishes that EDS had initially reported that EDS had paid

11  back overtime to the re-classified persons, "... calculated based on ... a formula approved by ...", the

12  United States Department of Labor. (*See, ibid.*) This raised the question whether the back overtime

13  paid to the re-classified persons who were employed in California was calculated in a manner which

14  complied with California's Eight-Hour Day Restoration Act.

15      As explained at length in the Memorandum in Support of Preliminary Approval, based upon

16  the typical work shifts worked by Class Members, over a two-week pay period, while only eight (8)

17  hours' overtime compensation would be earned under the FLSA, twenty-eight (28) hours' overtime

18  compensation would be earned under California's Eight-Hour Day Restoration Act.

19  (*See,* Memorandum in Support of Preliminary Approval, Docket Entry No. 116, at page 9, line 11

20  to page 14, line 18.)  In addition, California's applicable limitations period is longer than that

21  prescribed by the FLSA. (*See, ibid.*) Thus, if EDS had intended to pay – under the "supervision"

22  of the *United States* Department of Labor – only the *federal* overtime owed, the Class Members

23  would have received substantially less than the amounts owed to them under applicable state law.

24      The evidence establishes that EDS made massive payments of back overtime to Class

25  Members during the pendency of this action, and it is patently obvious that the pendency of this

26  action motivated EDS to do so. As of 21 August 2007 (*i.e.,* the date this action was commenced),

27  EDS had paid out only $940,367.92 (58 x $16,213.24 = $940,367.92) in back overtime to members

28

of the putative class described in Plaintiffs' initial complaint.  (*See,* interrogatory responses at Exhibit Pages "A-26", and "A-28", *post,* authenticated by the Gallo Declaration, at ¶ 18.)  By the time the proposed settlement was reached, EDS had paid out, "... approximately $3.4 million ..." (*See,* Mersol Declaration, Docket Entry No. 120, at page 9, line 11.)[3]  There is strong evidence that EDS' efforts to pay back overtime increased dramatically as a result of this action.  On 27 September 2008, (*i.e.,* exactly forty [40] days after EDS was served with the summons and complaint herein), EDS issued checks for back overtime.  (*See,* Exhibit "A" to Hittle Declaration, Docket Entry No. 41.)  Thus, by the time this case was settled, only a maximum of $500,000.00 in back overtime remained owed to the members of the proposed settlement class (based upon the evidence available to Plaintiffs, which has been provided to the Court).  (*See,* Mersol Declaration, Docket Entry No. 120, at page 9, lines 8-9.)

All of the foregoing establishes that the benefit conferred upon the Plaintiff Class by the prosecution of this action is far beyond the $900,000.00 Gross Settlement Sum prescribed in the PSA.  Even if only ***half*** of the $2.4 million difference between the 21 August 2007 back overtime total, and the final back overtime total, had resulted from the prosecution of this action (a conservative estimate based upon the evidence before the Court), an additional $1.2 million would be added to the $900,000 Gross Settlement Sum prescribed in the PSA to calculate a total benefit conferred in the sum of $2.1 million.  Class Counsel's instant request for compensation may therefore properly be viewed as a request for only 14.29% of the total benefit conferred (*i.e.,* $300,000 ÷ $2.1 million = 0.14285).

///

///

///

---

[3]       The class definition contained within Plaintiffs' initial complaint differs from the definition of the proposed settlement class, and no evidence is available to Plaintiffs which would show the precise amount of payments of back overtime which EDS made during the pendency of this action.

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 7**

**B.**   **Irrespective of the Calculation of the Benefit Conferred Upon the Plaintiff Class, Class Counsel's Request is Reasonable Because the Amount Requested is Consistent With the Likely Amount of a Post-Judgment Award**

In considering the instant Application, this Court may perform a "lodestar crosscheck", in the course of which the Court would determine an appropriate lodestar multiplier.  In the case at bar the lodestar multiplier is approximately 1.6.  (*See, ex rel.,* Gallo Declaration, at ¶¶ 27-29, 43-45.)

As noted above, actions to recover unpaid overtime compensation are subject to a uni-directional fee shifting statute.  (*See,* Cal.LaborCode, § 1194(a).)  In the case at bar, the PSA provides, *inter alia:*

> "(1)    Subject to Court approval, one third of the Gross Settlement Sum (*i.e.,* $300,000) shall be allocated to compensation of Class Counsel, and shall be paid in satisfaction of the statutory claims of the Plaintiffs and the Plaintiff Class for recovery of attorneys' fees as prevailing parties pursuant to California Labor Code Sections 218.5 and 1194(a) ..."

(*See,* PSA, at Section 2(A)(1), at Docket Entry No. 122, ECF page 10 [Bates page 7], at lines 6-12.)  The PSA does not purport to bind the Court as to the parties' allocation to attorneys' fees, but the PSA would operate to release Plaintiffs' claim for attorneys' fees arising under the California Labor Code.  (*See,* PSA, at Section 15, at Docket Entry No. 122, ECF page 18 [Bates page 15], at lines 10-22.)

As an aside, it is notable that this Court is empowered to, "... award reasonable attorneys' fees ... that are authorized by law **or** by the parties' agreement ..."  (*See,* Fed.R.Civ.P. 23(h). [Emphasis added.])  Thus, due to the disjunctive language of the quoted Rule, it appears this Court would be empowered to summarily approve any reasonable agreement as to fees, irrespective of whether it is otherwise, "authorized by law".  In the case at bar, however, Class Counsel's request is not merely reasonable and agreed-upon – it is also authorized by law on the multiplicity of grounds discussed throughout the instant Memorandum.

This Court should award compensation in the amount requested because the parties' allocation is consistent with the award which would have been likely under California law, if an adversarial judgment had been rendered in favor of the Plaintiffs.  This is because California law

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 8**

encourages the application of lodestar multipliers of up to four (4.0) times the attorney's regular hourly rate. *See, Wershba v. Apple Computer, Inc.* (2001), 91 Cal.App.4th 224, 255. The rule in federal practice is the same. *See, Vizcaino v. Microsoft, supra,* 290 F.3d at 1051 n.6. ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." [Quotation marks, citation and attribution omitted.])

Under established California precedent, it is highly relevant that Class Counsel's representation in the case at bar has been on a contingency basis:

> "The economic rationale for fee enhancement in contingency cases has been explained as follows: '**A contingent fee must be higher than a fee for the same legal services paid as they are performed.** The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans.' (Posner, Economic Analysis of Law (4th ed.1992) pp. 534, 567.) '**A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.**' (Leubsdorf, The Contingency Factor in Attorney Fee Awards (1981) 90 Yale L.J. 473, 480 ...)"

*Ketchum v. Moses* (2001), 24 Cal.4th 1122*,* 1132-1133. (Emphasis added.)

The requested lodestar multiplier in the case at bar, at approximately 1.6, is typical of that which would be awarded by a California court upon post-judgment motion. *See, e.g., Chavez v. Netflix, supra,* 162 Cal.App.4th, at 66. (Affirming award at lodestar multiplier of 2.5 in class action.) *See also,* In re: *Lugo,* 164 Cal.App.4th 1522, 1546. ("[A] multiplier of 1.5 is not large by comparison to those typically seen in reported [California] cases." [*Citing* earlier decisions affirming multiplier of 2.34, and authorizing multipliers "even higher" than 4.0.]) Thus, in the case at bar, the parties' allocation of $300,000.00 from the Gross Settlement Sum to payment of EDS' statutory liability for attorneys' fees is a reasonable allocation, which should be approved by this Court.

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 9**

**C. Irrespective of the Calculation of the Benefit Conferred Upon the Plaintiff Class, Class Counsel's Request is Reasonable Because the Amount Requested is Consistent With Federal Precedent and Practice**

In the case at bar, the requested lodestar multiplier is approximately 1.6, which is, "relatively low". *See, Van Vranken v. Atlantic Richfield, supra,* 901 F.Supp. at 298. ("[Lodestar] multiplier ... of approximately 1.8 ... would be a relatively low multiplier.") For example, in *Vizcaino,* the Court of Appeal affirmed a fee award equal to a lodestar multiplier of 3.65. *See, Vizcaino v. Microsoft, supra,* 290 F.3d at 1051. The appendix to the *Vizcaino* decision describes fee awards in various cases, demonstrating that lodestar multipliers are historically within, "... a range of 0.6-19.6, with most (20 of 24, or 83%) from 1.0-4.0 and a bare majority (13 of 24, or 54%) in the 1.5-3.0 range)." *See, Vizcaino v. Microsoft, supra,* 290 F.3d at 1051 n.6. Class Counsel's own review of the *Vizcaino* appendix reveals that in only five (5) out of twenty-five (25) cases (including *Vizcaino,* itself) did class counsel receive an award which resulted in a lodestar multiplier of less than the approximately 1.6 requested in the case at bar. *Cf.: Van Vranken v. Atlantic Richfield, supra,* 901 F.Supp. at 299. ("[Lodestar] multiplier ... of at least 3.6 ... is well within the acceptable range for fee awards in complicated class action litigation ...")

**D. The Various Equitable Factors Customarily Considered by Courts Awarding Compensation of Class Counsel All Militate in Favor of an Award of Compensation as Requested**

In performing a lodestar crosscheck, a court may consider a number of factors to determine the appropriate multiplier, including:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client and; (12) awards in similar cases. *See, Van Vranken v. Atlantic Richfield, supra,* 901 F.Supp. at 298.  Each of these twelve (12) factors are addressed herein.

**07cv1842**

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 10**

1   **Time and labor required:**    The time and labor required to prosecute this case was

2   substantial, as established by the accompanying Gallo Declaration.  (*See,* accompanying Gallo

3   Declaration, at ¶ 43.)

4   **Novelty and difficulty of the questions involved:**    Recent evolution in the law related to

5   the "administrative" exemption from the protection of California's overtime laws establishes that

6   the applicable substantive law remains in flux.   One California Court of Appeal has recently

7   questioned the universal application of the "administrative/production worker dichotomy", which

8   had appeared to be firmly established by prior California precedent.   *See, Combs v. Skyriver*

9   *Communications, Inc.* (2008), 159 Cal.App.4th 1242; *declining to apply Bell v. Farmers Insurance*

10  *Exchange* (2001), 87 Cal.App.4th 805.  Of signal importance, the California Supreme Court has

11  recently granted review to determine the scope of the "administrative" exemption.  *See, Harris v.*

12  *Superior Court* (2007), *previously published at* 154 Cal.App.4th 164, *review granted* 28 November

13  2007, S156555.

14  Although this Court was never called upon to consider a contested motion for class

15  certification, Class Counsel was required to adopt and execute a litigation strategy which would

16  have enabled Class Counsel to maximize the probability of success on a contested motion for class

17  certification, notwithstanding the existence of recent, unfavorable precedent.   (*See, ex*

18  *rel.,* Memorandum in Support of Preliminary Approval, Docket Entry No. 116, at page 17, line 26,

19  through page 18, line 9.)

20  **Requisite legal skill necessary:** Class Counsel is of the view that the successful prosecution

21  of this case required substantial legal skill.

22  **Preclusion of other employment due to acceptance of the case:**  Class Counsel is a busy

23  business trial attorney who was in fact precluded from other employment due to the demands of the

24  instant litigation.  (*See,* Gallo Declaration, at ¶ 26.)

25  **The customary fee:** Class Counsel's current hourly rate of $425 is at or below the usual and

26  customary hourly rates charged by experienced business trial attorneys.  (*See,* Gallo Declaration, at

27

28

**07cv1842**
**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND**
**REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS**
**REPRESENTATIVES – PAGE 11**

¶¶ 27-29.)[4]  As discussed at Parts IV.B and IV.C, *supra,* the requested compensation is at or below usual and customary levels – whether viewed as a percentage of the benefit conferred, or viewed under a lodestar crosscheck.

**Whether the fee is fixed or contingent:**  As stated above, Class Counsel's representation in the case at bar has been on a contingency basis.  (*See,* Gallo Declaration, at ¶ 30.)

**Time limitations imposed by the client or the circumstances:**  Class Counsel has at all times been prepared to execute, and has executed, his duties on or prior to any deadline prescribed by any Order of the Court or by any applicable rule of court, and has consistently taken all steps necessary to move this case forward expeditiously.

**The amount in controversy and the results obtained:**  As shown by evidence cited and discussed at Part IV.A, *supra,* in addition to the $900,000.00 Gross Settlement Sum, the results obtained include EDS' payment, during the pendency of this action, of a large part of the back overtime claimed by the Plaintiff Class.  After EDS had completed its post-filing payments of back overtime to Class Members, the remaining amount in controversy was only $500,000.00, exclusive of claims for interest, penalties, attorneys' fees and costs.  (*See,* Mersol Declaration, Docket Entry No. 120, at page 9, lines 7-10.)  Under the proposed settlement, ***after*** deduction of all compensation and reimbursement requested by Class Counsel, and ***after*** deduction of the incentive awards requested by the Class Members, the net amount available for distribution to Class Members is approximately $520,000.00 (*i.e.,* ***in excess*** of the principal amounts of the Class Members' claims).[5] It is difficult to imagine a more favorable settlement, considering the substantial risks of obtaining,

---

[4]     Class Counsel's hourly rate has increased slightly during the pendency of this action.  (*See,* Gallo Declaration, at ¶ 27.)  The lodestar crosscheck may be calculated with reference to current hourly rates.  *See, Vizcaino v. Microsoft, supra,* 290 F.3d at 1051, *citing, Gates v. Deukmejian,* 987 F.2d 1392, 1406 (9th Cir.1992).

[5]     Class Counsel would call to the Court's attention a typographical error in the Memorandum in Support of Preliminary Approval.  The reference to a, "... $530,000.00 principal amount ...", at page 18, line 22, should be a reference to a, "... $500,000.00 principal amount ...".  (*See,* Docket Entry No. 116, at page 18, line 22.)

**07cv1842**
**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 12**

and maintaining, class certification in a "misclassification" case. (*See,* Memorandum in Support of Preliminary Approval, Docket Entry No. 116, at page 17, line 26, through page 18, line 9.) Further, as discussed in Plaintiffs' Memorandum in Support of Preliminary Approval, precisely because the proposed settlement was achieved pre-certification, any Class Member who desires to pursue further recovery may opt out of the Plaintiff Class and pursue his or her own claim; thus, even Class Members who may opt out have benefitted from this litigation, because they have now been informed of the existence of their claims (of which they may have been unaware). (*See,* Memorandum in Support of Preliminary Approval, Docket Entry No. 116, at page 19, line 19, through page 20, line 2.) For these reasons, the results obtained were optimal, given all the facts and circumstances of this case.

**The experience, reputation, and ability of Class Counsel:** Class Counsel has been continuously engaged in the practice of law for over twenty-two years. (*See,* Gallo Declaration, at ¶ 8.) Class Counsel is officially recognized by the State Bar of California as a Legal Specialist in Civil Trial Advocacy; only approximately 1 out of 1,000 California attorneys hold this distinction. (*See,* Gallo Declaration, at ¶ 9.) Class Counsel is an experienced class action trial attorney, having been approved as class counsel in several class actions in recent years, and having successfully tried two class action cases to judgment in recent years. (*See,* Gallo Declaration, at ¶¶ 10-17.) Class Counsel has dedicated a substantial portion of his practice since 2000 to the prosecution of civil actions against employers who fail to comply with California's overtime laws. (*See,* Gallo Declaration, at ¶ 16.) In recent years, Class Counsel has prevailed as sole class counsel, or chief counsel, in two jury trials seeking recovery of unpaid overtime compensation. (*See,* Gallo Declaration, at ¶ 16.)

Class Counsel is informed and believes he is very highly regarded by those members of the bench and the bar who have observed him in practice. (*See,* Gallo Declaration, at ¶ 31.) Class Counsel is highly competent. (*See,* Gallo Declaration, at ¶ 31.)

**The "undesirability" of the case:** This criterion is not applicable to the current action.

**The nature and length of the professional relationship with the client:** Class Counsel

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 13**

1   has had no prior professional relationship with either Class Representative, except that Class

2   Counsel previously represented Mr. Cram in an unrelated action which was commenced in 2000,

3   and which had been concluded years prior to the commencement of the instant action.  (*See,* Gallo

4   Declaration, at ¶ 32.)

5          **Awards in similar cases:**  The most recent award in the most similar case was the award of

6   compensation in the Vitt Action.[6]  The Vitt Action, like the case at bar, was a wage-and-hour class

7   action brought against EDS pursuant to California law.  (*See,* Vitt Action Complaint, at Exhibit "B",

8   *post,* authenticated by the Gallo Declaration, at ¶ 19.)[7]  The settlement class in the Vitt Action

9   consisted of 6,500 past and present EDS employees, and prescribed a Gross Settlement Sum of

10  $8,000,000.00 (*i.e.,* $1,230.00 gross recovery per class member).[8]  (The gross per-class-member

11  recovery in the case at bar is $3,358.00, *i.e.,* nearly three times the amount of the Vitt Settlement.)

12  The Vitt Court awarded common-fund compensation in excess of $2.65 million (*i.e.,* one-third),

13  which is exactly equal to Class Counsel's request in the case at bar (stated as a percentage of the

---

15      [6]      "Vitt, *etc., et al., etc.* v. Electronic Data Systems Corporation," Case Number
134247, in the Superior Court of California for the County of Butte (Chico Division).

17      [7]      The Vitt Action was brought on behalf of EDS employees who worked, "... in
positions **not** classified by Defendant [*i.e.,* EDS] as exempt ...", and primarily sought recovery of
18  meal period premiums.  (*See,* Vitt Action Complaint, Exhibit "B", *post,* at ¶ 12 [at page 4, line
3].  [Emphasis added.])  The case at bar, which primarily seeks recovery of unpaid overtime
19  compensation, is brought on behalf of certain employees in positions which **were** classified by
EDS as exempt, but who were misclassified as such.
        The overlap between the two cases resulted from the fact that certain EDS employees,
including Class Representatives Cram and Nguyen, were initially employed in positions not
classified by EDS as exempt, but were later transferred to positions which EDS wrongfully
classified as exempt.  Such dual-capacity employees were in danger of having their claims under
California Labor Code Section 203 extinguished by the settlement in the Vitt Action.  Class
Counsel took appropriate steps to protect the Plaintiff Class in the instant action from prejudice.
(*See, ex rel.,* lodged stipulation, Docket Entry 100.)

25      [8]      *See, ex rel.,* excerpt from Stipulation for Settlement in Vitt Action, authenticated
by the Gallo Declaration, at ¶ 20, and reproduced at Exhibit Page "C-46", *post; see also, ex rel.,*
26  excerpt from Memorandum in Support of Preliminary Approval in Vitt Action, authenticated by
the Gallo Declaration, at ¶ 21, and reproduced at Exhibit "D", *post* (*see, esp.,* Exhibit Page "D-
27  48").

28

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND
REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS
REPRESENTATIVES – PAGE 14**

1   Gross Settlement Sum).  (*See, ex rel.,* dispositive order in Vitt Action, authenticated by the Gallo

2   Declaration, at ¶ 22, and reproduced at Exhibit "E", *post* [*see, esp.,* Exhibit Page "E-53"].)  The Vitt

3   court did not perform a lodestar crosscheck, but the lodestar multiplier in the Vitt case was

4   presumably far higher than the 1.6 requested in the case at bar.[9]

5        Class Counsel is informed and believes it is usual and customary in wage-and-hour actions

6   brought pursuant to California law for class counsel to be compensated at or above 33-1/3% of the

7   common fund.  (*See,* Gallo Declaration, at ¶ 34.)

8

9        **E.   All Non-objecting Class Members Should be Deemed to Consent to the Award
            of Compensation as Requested**

10       In the case at bar, Class Members have received two separate notices (in the same envelope)

11  apprising Class Members of: (a) the exact amount of Class Counsel's request for compensation; (b)

12  their right to object; and (c) the date, time and place of the hearing on Class Counsel's request for

13  compensation.  (*See,* Notice of Pendency of Class Action and Proposed Settlement, authenticated

14  by the Gallo Declaration, at ¶ 23, and reproduced at Exhibit "F", *post* [*see, esp.,*  ¶¶ 3(A) and 19

15  thereof, at Exhibit Pages "F-55" and "F-60"];  *see also,* Notice to Class Members of Motion for

16  Award of Compensation and Reimbursement to Class Counsel, *Etc.,*  authenticated by the Gallo

17  Declaration, at ¶ 24, and reproduced at Exhibit "G", *post.*)  Class Members have also been informed

18  of their right to opt out of the Plaintiff Class.  (*See,*  Exhibit "F", *post,* at ¶ 10, Exhibit Page "F-58".)

19  Accordingly, any Class Members who do not object to Class Counsel's request for compensation

20  should be deemed to have consented to the award.

21  ///

22  ///

23  ///

24  ///

25

26       [9]     The undersigned Class Counsel is unable to calculate a lodestar crosscheck from
     the Vitt Action, because counsel for the Vitt plaintiff class did not submit any evidence
27   establishing either time expended, or hourly rates charged.  (*See,* Gallo Declaration, at ¶ 33.)

28
                                                                            **07cv1842**
     **MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND
     REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS
     REPRESENTATIVES – PAGE 15**

1

## V.   **THIS COURT SHOULD GRANT REIMBURSEMENT TO CLASS COUNSEL**

2

3      This Court is also requested to grant Class Counsel reimbursement for reasonable and

4  necessary expenditures for the benefit of the Plaintiff Class.  The accompanying Gallo Declaration

5  establishes that Class Counsel made disbursements for the benefit of the Plaintiff Class in the total

6  sum of $11,980.74.  These reasonable and necessary expenditures are described in detail in the

   accompanying Gallo Declaration.  (*See,* Gallo Declaration, at ¶ 35.)

7

8  ## VI.   **THIS COURT SHOULD APPROVE INCENTIVE AWARDS TO THE CLASS**
   **REPRESENTATIVES AS REQUESTED**

9      This Court is also requested to approve the parties' proposed incentive awards to each Class

10  Representative in the sum of $20,000.  In the case at bar, the PSA provides, *inter alia:*

11      "(2)    Plaintiffs and Class Representatives Joel M. Cram and Minh D. Nguyen shall

12       each be paid a Class Representative Services Fee of $20,000, or such lesser amount

13       as may be ordered by the Court ..."

14  (*See,* PSA, at Section 2(A)(3), at Docket Entry No. 122, ECF page 10 [Bates page 7], at lines 18-20.)

15  The PSA does not purport to bind the Court as to the parties' allocation to incentive awards to Class

    Representatives.
16

17      This court has discretion to approve incentive payments to class representatives where, "...

18  just and reasonable under the circumstances." *Van Vranken v. Atlantic Richfield, supra,* 901 F.Supp.

    at 299-300.  In considering a request for incentive payments, a trial court should consider the five
19
    (5) criteria considered in *Van Vranken,* and discussed at Sections VI.A through VI.E, *infra, viz.:*
20
21      "The criteria courts may consider in determining whether to make an incentive award

22       include: 1) the risk to the class representative in commencing suit, both financial and

         otherwise;  2) the notoriety and personal difficulties encountered by the class
23
         representative;  3) the amount of time and effort spent by the class representative;
24       4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed

         by the class representative as a result of the litigation."
25
26  *See, Van Vranken v. Atlantic Richfield, supra,* 901 F.Supp. at 299.  (Citations omitted.)  Each of

    these criteria is discussed *infra.*
27

28
─────────────────────────────────────────────
                                              **07cv1842**
**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND
REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS
REPRESENTATIVES – PAGE 16**

### A. Risks to the Class Representatives in Commencing Suit, Both Financial and Otherwise

Wage-and-hour class actions require a special commitment by the class representatives: (a) because the risks are enormous; (b) because merely prevailing in the action does not preclude the risks from coming to fruition; and (c) because the class representatives can never know the total costs borne by them.

As this Court is aware, a former *employer* enjoys a statutory privilege pertaining to "... communication concerning the job performance or qualifications of an applicant for employment ..." (*See,* Cal.Civ.Code, § 47(c).)  While the privilege is limited to communications "... based upon credible evidence, made without malice ..." (*see,* Cal.Civ.Code, § 47(c)), it is patently obvious that any former employee who sues a former employer has taken a great risk.  The former employee is left to make the difficult decision when applying for future employment whether *vel non* to disclose his or her previous employment by the defendant (and, if not, how to explain an apparent lapse in employment).

Even if a former employer does not disclose the litigation when responding to a request for verification of employment, the fact of the litigation against the former employer is readily discoverable from public records.  The potential consequences of a suit against a former employer are demonstrated by the attached printout from the website of, "... Kroll, the world's largest risk consulting company ...", which provides, "pre-employment background checks", to prospective employers, including searches to identify prospective employees who, "... were involved in civil litigation." (*See,* Exhibit "H", *post,* authenticated by the Gallo Declaration, at ¶ 25.)  It is likely that a prospective employer who discovers that a prospective employee has sued a prior employer will not hire the prospective employee – even if that person would otherwise have been hired.  Discrimination of this nature is an unfortunate fact of life.

It is also true that, when a prospective employee is not hired because of, "... involve[ment] in civil litigation ...", the prospective employee will never know the reason he or she was not hired.  Further, records of civil litigation are publicly available for many years after the litigation, itself, has

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 17**

1   been concluded.  Thus, any former employee who is courageous enough to champion the interests

2   of his or her fellow employees by serving as a class representative makes a continuing sacrifice, the

3   magnitude of which cannot be known at the time the litigation concludes, and which may never be

4   known.

5          And it is axiomatic that current employees are not in a position to sue their current employers

6   for ongoing violations of law.  Thus, the only hope for the vindication of the rights of current

7   employees lies in the prospect that a former employee will sue on his or her behalf through the class

8   action procedural device.

9          All of the foregoing is especially important in the context of California wage-and-hour cases.

10  Recall that, as shown at Part III, *supra,* California overtime laws serve the, "... broad public interest

11  ..." (*Gould v. Maryland Sound, supra,* 31 Cal.App.4th at 1148-1149), and advance an, "... important

12  public policy ...", of the State of California (*Earley v. Superior Court, supra,* 79 Cal.App.4th at

13  1430).  Recall, further, the California Legislature's express declaration that, "... [a]dequate financing

14  of essential labor law enforcement functions ...", is to be achieved by creating economic incentives

15  for the prosecution of wage-and-hour actions by employees as, "private attorneys general".

16  (*See,* Stats.2003, c. 906., § 1(a).)  In order for these important governmental objectives to be

17  advanced, it is essential that potential class representatives be provided adequate incentives to

18  prosecute civil actions on behalf of their fellow employees.  The incentive awards to class

19  representatives in California wage-and-hour cases must be adequate to offset the enormous and

20  continuing risks the class representatives have assumed.

21         Of course, in a class action such as the case at bar, the class representatives' risks and

22  sacrifices constitute 100% of the risks and sacrifices taken on behalf of the plaintiff class.  But for

23  court-authorized incentive payments, the class representatives would receive only a minuscule

24  percentage of the benefits (*i.e.,* proceeds) of the litigation.

25         Finally, it must be remembered that the Class Representatives also risked personal liability

26  for all costs of court incurred in this action.  *Cf.: Earley v. Superior Court, supra,* 79 Cal.App.4th

27  1420, 1429-1436.  (Holding that *absent* class members cannot be held liable for costs of court.)  If

28

**07cv1842**
**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND
REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS
REPRESENTATIVES – PAGE 18**

this case had gone to trial and the Plaintiffs not prevailed, the judgment against the Class Representatives for costs would likely have been in the many tens of thousands of dollars.

**B.**     **Notoriety and Personal Difficulties Encountered by the Class Representatives**

As discussed in the preceding paragraphs, the Class Representatives have been exposed to a form of notoriety which could adversely affect their future employment prospects.

Class Representative, Cram, now works overnight shifts, and was thus required to participate in this action at times of day during which he would ordinarily be sleeping. (*See,* Gallo Declaration, at ¶ 36.)

Class Representative, Nguyen, now works out of state (including Virginia and Colorado) for lengthy periods of time, and was thus required to participate in this action by devoting part of his limited time at home in San Diego to assist Class Counsel. (*See,* Gallo Declaration, at ¶ 37.)

**C.**     **Amount of Time and Effort Spent by the Class Representatives**

In addition to the financial risks, and the risks regarding prospects for future employment, the Class Representatives have each invested substantial time and effort in the prosecution of this case. (*See,* Gallo Declaration, at ¶ 38.)  Both Class Representatives have provided essential strategic advice regarding the Defendant, its organization, and its operations, as well as information necessary to promulgate and execute a discovery plan on behalf of the Plaintiff Class. (*See,* Gallo Declaration, at ¶ 39.)  The Class Representatives' performance at the mediation which resulted in the proposed settlement was exemplary in all respects, and was indispensable to the successful vindication of the rights of the Plaintiff Class. (*See,* Gallo Declaration, at ¶ 40.)

**D.**     **Duration of the Litigation**

This action was commenced on 21 August 2007.  No distribution could occur prior to January of 2009, at the earliest.

///

///

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 19**

**E.   Personal Benefit (Or Lack Thereof) Enjoyed by the Class Representatives as a Result of the Litigation**

The personal benefit to the Class Representatives (exclusive of the requested incentive awards) is limited to their individual distributions on their respective individual claims.  The individual distributions on their respective individual claims would not adequately compensate the Class Representatives for the risks assumed by them, and the services rendered by them, in this case.

**F.   The Requested Incentive Awards are Usual and Customary**

The most recent class action settlements of which Class Counsel obtained approval were in Departments 63 and 65 of the Superior Court of California for the County of San Diego.  In each of these cases, the class representatives were awarded incentive payments of $20,000.00. (*See,* Gallo Declaration, at ¶¶ 41-42.)  It is the opinion of Class Counsel that the requested incentive awards of $20,000.00 would be fair and reasonable, as well as usual and customary in a wage-and-hour class action of the magnitude of the case at bar.  (*Cf.: Van Vranken, supra,* awarding $50,000.00 more than thirteen years ago in regulatory-compliance action.)

**G.   All Non-objecting Class Members Should be Deemed to Consent to the Requested Incentive Awards**

Class Members have received two separate notices (in the same envelope) apprising Class Members of: (a) the exact amount of the Class Representatives' request for incentive awards; (b) their right to object; and (c) the date, time and place of the hearing on the instant Motion. (*See,* Notice of Pendency of Class Action and Proposed Settlement, reproduced at Exhibit "F", *post,* at ¶¶ 3(c) and 19 thereof [at Exhibit Pages "F-56" and "F-60"]; *see also,* Notice to Class Members of Motion for Award of Compensation and Reimbursement to Class Counsel, and for Incentive Awards to Class Representatives, reproduced at Exhibit "G", *post.*)  Class Members have also been informed of their right to opt out of the Plaintiff Class.  (*See,* Exhibit "F", *post,* at ¶ 10 [at Exhibit Page "F-58".)  Accordingly, any Class Members who do not object to the Class Representatives' request for incentive awards should be deemed to have consented to the requested awards.

**07cv1842**

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 20**

**CONCLUSION**

WHEREFORE, this Court should award:

a.    compensation to Class Counsel in the sum of $300,000.00;

b.    reimbursement to Class Counsel in the sum of $11,980.74; and

c.    incentive awards in the sum of $20,000.00 to each Class Representative.


Dated: 23 October 2008                    Respectfully submitted,

                                          DAVID J. GALLO, ESQ.
                                          **LAW OFFICES OF DAVID J. GALLO**
                                          12702 VIA CORTINA, SUITE 500
                                          DEL MAR, CALIFORNIA 92014-3769
                                          Telephone: (858) 509-3652


                                          _____
                                                    /s/ David J. Gallo
                                          By:    David J. Gallo,
                                                 California Bar No. 127722
                                                 Attorney for Plaintiffs, JOEL M. CRAM, and
                                                 MINH D. NGUYEN, individually, and on
                                                 behalf of all others similarly situated

[EDS-MPA_MOT_AWARD_COMP+REIMB_01DEC08.wpd]

## CERTIFICATE OF ELECTRONIC SERVICE

I, DAVID J. GALLO, hereby certify that, upon electronic filing hereof, I have effected electronic service of the preceding document upon all parties who have appeared in the above-captioned civil action, in the manner authorized by CivLR 5.4(c).


_____/s/ David J. Gallo_____
DAVID J. GALLO

[EDS-MPA_MOT_AWARD_COMP+REIMB_01DEC08.wpd]

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF COMPENSATION AND REIMBURSEMENT TO CLASS COUNSEL, AND FOR INCENTIVE AWARDS TO CLASS REPRESENTATIVES – PAGE 22**