BAKER HOSTETLER
*COUNSEL TO MARKET LEADERS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL M. CRAM, and<br>MINH D. NGUYEN, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC DATA SYSTEMS<br>CORPORATION aka EDS, DOES 1-10,<br><br>Defendants. | Case No.  07cv1842 LAB (NLS)<br><br>**ORDER AND DISMISSAL WITH PREJUDICE** |

The above-referenced class action case ("Action"), having come before the Court on 12 January, 2009, at 11:45 a.m., for a continued Final Approval Hearing ("Fairness Hearing") and entry of an Order and Dismissal with Prejudice ("Final Order"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered 19 August 2008, and as set forth in the Parties' Stipulation of Settlement between Plaintiffs Joel M. Cram and Minh D. Nguyen, individually and on behalf of all others similarly situated, and Defendant Electronic Data Systems Corporation ("Stipulation of Settlement" or "Settlement"), in the above-referenced Action, and due and adequate notice having been given to Class Members as required by

the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Stipulation of Settlement.

2. Consistent with the definitions provided in the Stipulation of Settlement, the terms "Class" and "Class Members" includes all persons currently or formerly employed within the State of California by EDS who at any time between August 21, 2003 and May 29, 2008, met all of the following criteria:

    a. were employed as a Systems Administrator, System Administrator Advanced, Information Security Analyst, Information Security Analyst Advanced, or Information Security Analyst Senior; and

    b. were classified as exempt for overtime purposes, and were not paid overtime compensation for overtime hours worked; and

    c. were reclassified by EDS as a result of one or more audits and/or review in 2007 and 2008.

Without limitation of the foregoing, the terms, "Class", and "Class Members", include the approximately 275 persons to whom Notice Packets were mailed on or about 17 October 2008 (as evidenced by the Jonathan Paul Declaration, Docket Entry No. 135, at paras. 7-9) (hereinafter "Initially-Identified Class Members"), as well as the approximately 33 additional persons to whom Notice Packets were mailed on or about 9 December 2008 (as evidenced by the Supplemental Jonathan Paul Declaration, Docket Entry No. 140, at paras. 5-7) (hereinafter the "Subsequently-Identified Class Members").

For purposes of the Settlement and this Final Order, "Released Parties" includes Electronic Data Systems Corporation and its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, representatives, managers, agents, attorneys, predecessors, successors and assigns, and any individual or entity which could be jointly liable with Defendant or any of the foregoing.

1    3.    This Court has jurisdiction over the subject matter of this Action and over all
2  Parties to this Action, including all Class Members.

3    4.    Distribution of the Notice and the Claim Form directed to the Class Members, as set
4  forth in the Stipulation of Settlement and the other matters set forth therein, have been completed in
5  conformity with the Preliminary Approval Order and the Court's Supplemental Order entered 8
6  December 2008 (Docket Entry No. 139), including individual notice to all Class Members who could
7  be identified through reasonable effort, and the best notice practicable under the circumstances. The
8  Notice provided due and adequate notice of the proceedings and of the matters set forth therein,
9  including the proposed Settlement set forth in the Stipulation of Settlement, to all persons entitled to
10 such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all
11 Released Claims (defined in section 16 of the Stipulation of Settlement) are covered by and included
12 in the Settlement and this Final Order.

13   5.    The Court hereby finds the Settlement was entered into in good faith, and further finds
14 that the Settlement is fair, reasonable and adequate, and that Plaintiff has satisfied the standards and
15 applicable requirements for final approval of this class action settlement under Federal Rule of Civil
16 Procedure 23.  The Court further finds the settlement is not subject to California Code of Civil
17 Procedure § 384.

18   6.    The Court hereby approves and adopts the parties' agreement that: (a) any otherwise-
19 valid claim by any Initially-Identified Class Member will be deemed timely if postmarked
20 on or before 31 December 2008, and (b) any otherwise-valid claim by any Subsequently-
21 Identified Class Member will be deemed timely if postmarked on or before 9 January
22 2009; and such agreement shall be, and hereby is, deemed to be incorporated into the
23 Stipulation for Settlement.

24   7.    The Court hereby approves the Settlement as set forth in the Stipulation of
25 Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and
26 directs the parties to effectuate the Settlement according to the terms outlined in the Stipulation of
27 Settlement. The Court finds that the Settlement has been reached as a result of intensive, serious
28

- 3 -    (Proposed) Order and Dismissal With Prejudice

1  and non-collusive arms-length negotiations, including mediation. The Court also finds that the
2  Class is properly certified for settlement purposes only.

3      8.    As of the date of this Final Order and the Effective Date as set forth in the
4  Stipulation of Settlement, each and every Released Claim of each Class Member is and shall be
5  deemed to be conclusively released as against the Released Parties.  All Class Members as of the date
6  of this Final Order and the Effective Date are hereby forever barred and enjoined from prosecuting
7  any of the Released Claims (as defined in the Stipulation of Settlement) against the Released Parties.
8  As of the date of this Final Order, and except as to such rights or claims that may be created by the
9  Settlement, the Class Members and each member of the Class, fully releases and discharges the
10 Released Parties from any and all past, present and future claims, administrative or otherwise, debts,
11 liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or
12 causes of action for, or which relate to any allegations or Claims asserted in the Complaint,
13 including claims for failure to provide all legally required meal and rest periods, nonpayment of
14 meal or rest period payments under any federal, state or local law, nonpayment and recovery of
15 overtime compensation, recovery of waiting time pay as, for restitution as a remedy for "unfair
16 competition," and an injunction against "unfair competition," and any other claims alleged in the
17 Action at any time, including without limitation all claims for restitution and other equitable
18 relief, liquidated damages, punitive damages, waiting time penalties, attorneys' fees and costs,
19 whether known or unknown, from August 21, 2003 through the Date of Preliminary Approval,
20 including all claims for meal and rest period violations, wages or overtime for working through meal
21 and rest periods, and related interest, penalties and remedies thereon, including without limitation,
22 violation of Labor Code §§ 201, 202, 203, 226.7, 1194, and Business and Professions Code §17200 *et*
23 *seq.* (the "Released Claims").

24     9.    Neither the Settlement nor any of the terms set forth in the Stipulation of
25 Settlement are admissions by Defendant, or any of the other Released Parties, nor is this Final
26 Order a finding of the validity of any claims in the Action, or of any wrongdoing by Defendant,
27 or any of the other Released Parties.

28

- 4 -    (~~Proposed~~) Order and Dismissal With Prejudice

10. The Court hereby enters a judgment of dismissal of the entire Action, with prejudice, as of the filing date of this Final Order, pursuant to the terms set forth in the Stipulation of Settlement. Without affecting the finality of this Final Order in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders entered in connection therewith.

11. The Court hereby finds the Gross Settlement Sum and Net Settlement Sum provided for under the Settlement to be fair and reasonable.

12. The Court confirms David J. Gallo, of the Law Offices of David J. Gallo as Class Counsel.

13. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court has, by separate order, awarded Class Counsel attorneys' fees and reimbursement for costs incurred, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel. This sum shall be paid as prescribed at Section 15 of the Stipulation of Settlement.

14. The Court has also, by separate order, directed payment to Plaintiffs Joel M. Cram and Minh D. Nguyen for their service as Class Representatives. These sums shall be paid as prescribed by Section 2(A)(3) of the Stipulation of Settlement.

15. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Stipulation of Settlement to each person who submits a claim to the Claims Administrator in accordance with the Stipulation of Settlement.

///
///
///
///
///
///

1   16.   If the Settlement does not become final and effective in accordance with the
2   terms of the Stipulation of Settlement, then this final Order, the Preliminary Approval Order, and
3   all orders entered in connection therewith shall be rendered null and void and shall be vacated.

**IT IS SO ORDERED.**

DATED: January 16, 2009

　　　　　　　　　　　　　　　　　　　　　　／s／ Larry A. Burns
Honorable Larry Alan Burns
United States District Judge

- 6 -   (~~Proposed~~) Order and Dismissal With Prejudice